GEORGE F. STEVENS, in equity, *vs.* ELLA C. STEVENS.

Somerset.   Opinion June 25, 1879.

*Trust. Presumption. Burden of proof. Husband and wife.*

In equity, generally, when land is conveyed to one person on the payment of the consideration by another, a resulting trust will be presumed in favor of him who pays the consideration.

*Aliter,* when the purchase is made by a husband and the conveyance is to the wife. In such case the presumption is that it was intended for the benefit of the wife.

When a husband pays the consideration of a conveyance of land to his wife from a third person, the burden of proof is upon the husband to overcome the presumption and establish the trust.

BILL IN EQUITY, heard on bill, answer and proof.

The bill alleges in substance that on April 7, 1868, he conveyed by quitclaim deed certain land to his mother (Hannah Stevens); that being about to travel, he took a note for $500 and a mort-

gage of the premises from his mother running to his wife (respondent) to hold in trust for him until his return; that his wife was then in Massachusetts, paid no part of the consideration and knew nothing of the transaction until he sent the note and mortgage to her there; that his wife has abandoned him, and refuses to assign the note and mortgage to him, although requested so to do, but on the contrary has brought an action at law to foreclose the mortgage.

The bill prays for an injunction and for an assignment of note and mortgage.

The answer alleges that the mortgage was a gift to her from her husband which she accepted as her own property; that he separated from her, and has never since furnished her with the necessaries of life; that while he was absent, she was sick and unable to support herself, and for the purpose of obtaining means of support, she assigned the note and mortgage to Richard Ball and now owes him $200 for money thus loaned; but received a re-assignment before suit brought.

*E. W & F. E. McFadden*, for the complainant.

*S. S. Brown*. for the defendant.

DANFORTH, J.   It is undoubtedly a well established principle in equity that in ordinary cases when land is conveyed to one person on the payment of the consideration by another, a resulting trust will be presumed in favor of him who pays the consideration.

When, however, the purchase is made by a husband and the conveyance is to the wife, this principle does not apply, but the presumption is, that it was intended for the benefit of the wife. 2 Story's Eq. Jur., § 1204.   *Whitten* v. *Whitten*, 3 Cush. 197. *Spring* v. *Hight*, 22 Maine, 408.

Hence, in this case the burden of proof rests upon the plaintiff not only to overcome this presumption, but to establish the trust relied upon in his bill.   An examination of the testimony, assuming its admissibility, shows a preponderance in favor of the presumption.

*Bill dismissed with costs.*

APPLETON, C. J., WALTON, BARROWS and LIBBEY, JJ., concurred.