In re FOSS.

(District Court, D. Maine. October 4, 1906.)

No. 131.

1. BANKRUPTCY—PETITION TO REVIEW ORDER OF REFEREE—TIME FOR FILING.
   The filing of a petition for the review of an order of a referee 30 days after such order was made, *held* to have been within a reasonable time and effective, in the absence of any rule of court on the subject, and it appearing that no prejudice resulted from the delay.

2. HUSBAND AND WIFE—PROPERTY CONVEYED TO WIFE—RESULTING TRUST TO HUSBAND.
   Where a husband when free from debt paid the consideration for real estate which was conveyed to his wife, the presumption is that a voluntary settlement upon her was intended, and the burden rests upon one seeking to establish a resulting trust in him to overcome such presumption by sufficient evidence.

3. BANKRUPTCY—FRAUD—EVIDENCE TO ESTABLISH.
   The independent and unconnected facts that a bankrupt, when free from debt, paid the consideration for property which was conveyed to his wife, and that he soon thereafter engaged in a hazardous or illegal business, do not establish an intent to defraud creditors, which will affect any rights of the wife in the bankruptcy proceedings.

4. SAME—PROVABLE DEBTS—LOAN BY WIFE.
   The wife of a bankrupt held entitled to the allowance of a claim for money lent to her husband, which she procured by mortgaging her own real estate.

In Bankruptcy. On certificate from referee.

Wm. R. Pattengall, for Mary E. Foss.

C. B. Donworth, for Trustee.

HALE, District Judge. Eugene C. Donworth, Esq., one of the referees of the court, certifies that, in the course of the proceedings in this cause before him, the following question arose pertinent to these proceedings, to wit: A question as to the legality of the claim of Mary E. Foss against said estate for money loaned said bankrupt and raised by mortgages of claimant's real estate, the referee having disallowed said claim. The referee further reports: That he made an order disallowing said claim on January 24, 1906; that on February 24, 1906, a petition for review was filed with the referee, said referee having had no notice prior thereto of an intention by claimant to ask for a review. That on the same day, to wit, February 24, 1906, the attorney for the creditors filed a written objection to the allowance of the filing of the petition on the ground that such petition was not filed within a reasonable time; and on February 28, 1906, the attorney for

the claimant was notified that such objection was filed. On June 18, 1906, the referee ruled that the above petition for review was not seasonably filed, and thereupon made an order to that effect, and notified the attorney for the claimant of such decision.

The matter now comes before the court upon the two questions:

First. Was the petition for a review by the District Court of the action of the referee filed within a reasonable time?

Section 39, cl. 5, of the bankruptcy act of July 1, 1898, c. 541, § 39, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3436], makes it the duty of referees "to make up records embodying the evidence, or the substance thereof, as agreed upon by all parties in all contested matters arising before them, whenever requested to do so by either of the parties thereto, together with their findings therein, and transmit them to the judges."

General Order in Bankruptcy No. 27 (89 Fed. xi, 32 C. C. A. xxvii), provides:

"When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

The question now submitted involves a question of law, as well as of fact. There is no time limit fixed for the filing of a petition with the referee for a review of his proceedings. It must, therefore, be filed within a reasonable time. Such reasonable time is usually fixed by standing rule; but this court has no standing rule, and, so far as I can find, never has had one touching this point. Where a standing rule has been adopted by any court it has been for a much less time than was taken by the petitioner in filing his petition. The matter of fixing a reasonable time for anything involves some difficulty. The court of Maine has said: "It is difficult to fix a legal latitude and longitude for this fugacious rule." In the case at bar, it is not claimed that any rights have been forfeited or affected by the delay in filing the petition for a review of the proceedings. The referee did not act upon the petition until nearly four months after its reception.

In this case I rule that the petition for review was filed within a reasonable time, under all the circumstances; although, if I were making a standing order, I should probably make a limit of 10 days for receiving such petitions for review of a referee's finding. See Collier on Bankruptcy, 311, and cases cited: Loveland, 119, and cases cited.

Second: Was the claim of Mary E. Foss properly disallowed by the referee?

The claim is for cash advanced to W. H. Foss, the bankrupt, by Mary E. Foss, his wife, on mortgage of her real estate. The total amount for which the claim is now made is $5,400. The testimony tends to show that a certain part of the real estate, which was mortgaged by the claimant to obtain the money advanced to her husband, was earned by her in keeping a boarding house, and that another portion of the consideration for the purchase of the real estate was de-

rived from a gift of the bankrupt to his wife prior to the time when the bankrupt became indebted to any of his present creditors.

The referee has found "that the cash loaned, if any, was not raised upon real estate which the claimant owned in her own right, and which had been purchased with cash or property belonging to her free from all legal or equitable interest of bankrupt therein; but that said bankrupt was the equitable owner of said property." In thus finding that the bankrupt was the equitable owner of the real estate mortgaged by the claimant to obtain the money advanced by her, the referee must have found that there was a resulting trust in the property to the bankrupt.

I have examined the testimony with great care upon this point, and I must come to the conclusion that all the testimony taken together falls far short of proving such resulting trust to the husband. So far as we have to do with the consideration which proceeded from the bankrupt when he was free from debt, I must find that the deed to his wife constituted a voluntary settlement upon her, which cannot now be disturbed in bankruptcy.

The doctrine of the federal courts relating to resulting trusts is not essentially different from that of the courts of Maine or Massachusetts. Where, upon the purchase of property, the consideration is paid by one, and the legal title conveyed to another, a resulting trust is thereby raised, and the person named in the deed will hold the property as trustee of the party paying the consideration. The burden is on the party who alleges the trust. If the person to whom the conveyance is made be one for whom the party paying the consideration is under obligation, natural or moral, to provide, the transaction will be regarded prima facie as an advancement, and the burden will rest upon the one who seeks to set aside the trust for the benefit of the payee of the consideration to overcome this presumption in favor of a legal title by sufficient evidence. Jackson v. Jackson, 91 U. S. 122, 23 L. Ed. 258; Smithsonian Institution v. Meech, 169 U. S. 398, 18 Sup. Ct. 396, 42 L. Ed. 793; Stevens v. Stevens, 70 Me. 92; Long v. McKay, 84 Me. 199, 24 Atl. 815; Prevost v. Gratz, 6 Wheat. 481, 5 L. Ed. 311; Story's Equity Jurisprudence, § 1202.

It is undoubtedly true that the presumption in favor of a wife or child may be rebutted by sufficient evidence, as was shown in Gray v. Jordan, 87 Me. 140, 32 Atl. 793; but, taking the whole record before me, there is not sufficient evidence to overcome the presumption in favor of the wife. In my opinion, there is no resulting trust established in the case, nor is there any sort of trust resulting by implication of law.

It is claimed, further, that a fraud was attempted to be perpetrated by the bankrupt in this case, in that, although he put the property in the name of his wife when he was free from debt, still it was when he was about to enter into a hazardous pursuit, namely, into the keeping of a liquor store.

A fraud upon the bankrupt law is not affirmatively shown by proving two independent facts, namely, that the bankrupt conveyed certain real estate to his wife, and that he soon after began to keep a

liquor saloon. These facts must be supplemented by some affirmative testimony showing an attempt to commit fraud under the bankrupt act. In the Hugill Case (D. C.) 100 Fed. 616, there was sufficient affirmative evidence to prove a fraudulent motive and purpose, and the court properly held that the holders of the tainted instrument should not be allowed to participate in the result of the fraud. But, in the case at bar, no such fraud is proven by affirmative testimony, and I cannot find such fraud from the mere allegation of it, or from evidence which does not go to the extent of sustaining the allegation.

I find that all the testimony in the record, taken together, proves that the real estate was the property of Mrs. Foss. Whatever consideration for the purchase of the real estate proceeded from the husband was paid while he was free from debt; and the transactions between the husband and wife clearly import a promise by him to repay her any sums of money which she advanced in his behalf. I must, therefore, come to the conclusion that the referee was incorrect in holding that the bankrupt was the equitable owner of the property.

I, therefore, overrule the decision of the referee in disallowing the claim of Mary E. Foss in full, and I find that the claim of Mary E. Foss should be allowed.

The order of the referee in disallowing said claim is hereby set aside, and he is directed to allow the claim to the amount of $5,400.