Ellen E. Mott *vs.* Charles W. Mott and certain logs.

Penobscot.    Opinion February 6, 1911.

*Logs and Lumber.    Liens for Labor.    Revised Statutes, chapter 93,
sections 46, 61, 64.*

1.  The lien imposed on logs and lumber by Revised Statutes, chapter 93,
    section 46, is for the benefit of those only who labor thereon for wages,
    and can be enforced only by a personal action against the person or cor-
    poration contracting to pay such wages, and by an attachment of the logs
    and lumber on the writ in that action.
2.  A married woman cannot maintain an action against her husband for
    wages or services in cooking for him and persons employed by him in
    laboring on logs and lumber under Revised Statutes, chapter 93, section
    46, and hence has no lien on the logs and lumber for such services.

On exceptions by plaintiff.    Overruled.

Action of assumpsit brought by the plaintiff against the defend-
ant Charles W. Mott, to recover for her services "at cooking for said
defendant and persons employed by him and engaged at cutting and
hauling" certain logs and lumber.    The plaintiff claimed a lien on
the logs and lumber, the same were attached on the writ, notice
thereof was given to the log owners and they duly appeared in
answer thereto.

When the action came on for trial, the plaintiff discontinued as
to the defendant Mott and proposed to proceed only against the logs
and lumber attached.    Thereupon it appearing that the plaintiff
and the defendant Mott, at the time the services sued for were
rendered, were husband and wife and were such at the time of the
hearing, the presiding Justice ordered a nonsuit and the plaintiff
excepted.

The case is stated in the opinion.

*Clarence Scott, and G. Willard Johnson,* for plaintiff.

*Charles W. Mott,* pro se.

*F. W. Knowlton,* for log owners.

SITTING:   EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, KING, BIRD, JJ.

EMERY, C. J.   The plaintiff brought against her husband an action of assumpsit upon account annexed.   In the declaration she alleged that she "at the special instance and request of the said defendant labored for him, the said defendant, at cooking for the said defendant and persons employed by him and engaged at cutting and hauling" certain specified logs and lumber.   The logs and lumber were attached upon the writ, and notice thereof given the owner of the logs.   The owner appeared in answer thereto.

At the time set for trial the plaintiff discontinued as to the personal defendant, who then and at the time of rendering the services sued for was her husband, and she proposed to proceed only against the logs and lumber attached.   The presiding Justice ruled, in effect, that upon the allegations in her declaration and the admitted fact of coverture, the plaintiff would not be entitled to judgment against the logs and lumber, and ordered a nonsuit. The plaintiff excepted.

The plaintiff relies upon the comprehensiveness of the language of the lien statute, R. S., ch. 93, sec. 46, which is as follows:—

"Sec. 46.   Whoever labors at cutting, hauling, rafting or hauling logs or lumber, or at cooking for persons engaged in such labor,   .   .   .   has a lien on the logs and lumber for the amount due for his personal services.   .   .   .   Such liens   .   .   .   .   may be enforced by attachment."

"Whoever" is, as claimed by the plaintiff, a very comprehensive term but it has been held that as used in the statute it does not include a contractor, though he labors personally at the cutting, or hauling, etc., *Littlefield* v. *Morrill*, 97 Maine, 505.   It is evident, also, that it cannot reasonably be held to include trespassers, or persons employed by trespassers, or persons cooking for such laborers.   We think it evident also, from the whole statute providing for such liens and their enforcement, that the lien is only annexed to such labor as creates an enforceable claim against some personal or corporate defendant "for the amount due for his (the

laborer's) personal services." There is no provision for the enforce-
ment of the lien claim by simple process in rem. The only pro-
vision is by suit against the employer of the laborer, upon the writ
in which suit the logs or lumber may be attached. (R. S., ch. 93,
secs. 61 and 64 inclusive). There is no provision that they can be
attached upon any other process or in any other way. True, after
bringing suit against his employer or employers "the plaintiff may
discontinue as to any defendant" and recover judgment against the
property (sec. 64), but it is apparent from the whole statute that
the suit must have been begun against a defendant against whom
the plaintiff had a right of action to recover his wages. As said by
this court in the case of a lien upon buildings imposed by the same
chapter, (*Farnham* v. *Davis*, 79 Maine, at page 285). "There
must be a suit against the party promising, upon which the property
benefitted may be attached. The contract, whether expressed or
implied, is the principal. The lien is the incident. The lien must
be enforced along with the contract."

　　Did the plaintiff have a right of action against her husband for
her personal services in cooking for him and the men employed by
him? She urges that she had under the statute R. S., ch. 63, sec.
3, as construed in *Tunks* v. *Grover*, 57 Maine, 586. The statute is
to the effect that a married woman "may receive the wages of her
personal labor, not performed in her own family, maintain an action
therefor in her own name, and hold them in her own right against
her husband or any other person." The decision in the case cited
was that in such a suit for her personal labor against a third party
she could attach by trustee process property of the defendant in the
possession of her husband. Neither the statute nor the decision goes
to the extent of authorizing a suit by a wife directly against her
husband for services performed by her for him. The question, how-
ever has been settled in the late case *Perkins* v. *Blethen*, 107
Maine, 443, where it was held that not even an assignee of a claim
of a wife against her husband could maintain an action against the
husband. As stated in the opinion in that case, the husband is
immune from actions at law to enforce any contractual claim of the
wife against him, at least during coverture.

It follows that there was no enforceable contract for the plaintiff's services, and hence that she had no enforceable lien on the logs.

*Exceptions overruled.*