CASE 99—PETITION ORDINARY—FEBRUARY 2.

# Kalfus v. Kalfus.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

POWER OF WIFE TO SUE HUSBAND.—A judgment conferring upon a married woman the rights and privileges of a *feme sole* does not enlarge her powers as to the husband, except in so far as it gives her the power to control and dispose of her property. Therefore she can not maintain an action at law against the husband. But even if the parties in this case were in a court of equity the wife would not be entitled to relief, there being no equity in her claim.

ROZEL WEISSINGER FOR APPELLANT.

A married woman empowered by decree of court to act as a *feme sole* can not sue her husband at law. (Matson v. Matson, 4 Met., 262; Penn v. Green, 11 Ky. Law Rep., 812; Moran v. Moran, 12 Bush, 301; Franklin *ex parte*, 79 Ky., 497; Hackett v. Metcalfe, 6 Bush, 352; Uhrig v. Horstman, 8 Bush, 172; Penn v. Young, 10 Bush, 628; Wiggins v. Johnson, 8 Ky. Law Rep., 349; Freethy v. Freethy, 42 Barb., 642; Peters v. Peters, 42 Iowa, 182; Libby v. Libby, 79 Me., 186; Barton v. Barton, 32 Md., 214; Smith v. Gorman, 41 Me., 405.)

JAMES R. W. SMITH FOR APPELLEE.

A married woman who has been relieved of her disabilities by decree of court is, in regard to all business transactions with her husband, to be treated as a stranger, and may, therefore, sue the husband either at law or in equity. (Gen. Stats., chap. 52, sec. 6; Civil Code, sec. 34; Petty v. Malier, 14 Bush, 247; Shackleford v. Collier, 6 Bush, 157;

Campbell v. Galbreath, 12 Bush, 459; Unz v. Oswald, 6 Ky. Law
Rep., 518; Morel v. Haller, 7 Ky. Law Rep., 122.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This is an appeal from the Superior Court and involves
the right of the husband and wife to contract with each
other, and that of the wife to sue the husband at law on
a plain note, executed during coverture, and to enforce
the judgment by an ordinary execution.

It is claimed this may be done under the statute em-
powering courts of equity to authorize married women to
manage and control their own estates, to contract and be
contracted with and to sue and be sued as if they were
single.

The plaintiff in this case had been vested, upon the
petition of herself and husband, with the right to trade
as a *feme sole*, and as such, it is said, she loaned to her
husband the money for which the note was executed.
Under statutes somewhat similar to the statute of this
State it has been held that the wife and husband may
contract as strangers with all the remedies given by a
creditor against his debtor, while under like statutes it
has been adjudged that the disability of the wife is
removed only as to third persons, leaving the rights of
the husband and wife to be determined as if no such stat-
ute existed.  It seems to us the property of the wife, as
between herself and husband under this statute, should
be treated as her separate estate, and a court of equity
appealed to in order to enforce the claim of the wife when
the husband, by contract or otherwise, gets possession of
her statutory estate.  If not, the wife may proceed with
her judgment at law, and an execution, to levy on the
household property that the two as husband and wife are

enjoying in common. She could maintain her ejectment, and require him to abandon the possession of the premises in which they lived, if they belonged to her; could maintain an action of tort for an injury to the property or an action of slander for an injury to her reputation, thus severing the marital rights of both, when it is plain, we think, that such could not have been the purpose of the statute. This statute only enlarges the powers of married women as to others than the husband and makes property the separate estate of the wife that would be regarded independently of the statute as her general estate, and if the husband undertakes to control it or obtains possession of it under an agreement with the wife to restore it, a court of equity will see that the wife is protected by making the husband comply with his agreement.

This court, in Matson v. Matson, 4 Met., 262, in a case where the wife sued a husband at law for her separate estate, held it could not be done, but the wife must resort to a court of equity with a statement of facts showing that the relation of husband and wife did not preclude the latter from seeking equitable relief against him. The wife, under this statute, has the right to the control and use of the property to the exclusion of the husband, as she has under a deed or other writing creating a separate estate, with the exception that she may contract and dispose of her property under the statute as a *feme sole*. The obligation of the husband to support the wife still remains with the reciprocal rights and duties pertaining to the marriage relation existing, as if no statute had been enacted. The peace and quiet of domestic life would, it seems to us, suggest at once the necessity of restricting

the practical operation of the statute to others than the husband, for if the latter is to be regarded as dealing at arms' length with his wife in the business transactions pertaining to home life it is tantamount to severing .the marital relation and their conflicting claims adjusted as if no such relation existed.

If, however, the husband and wife were in a court of equity the wife is not entitled to any relief.   In fact, the defense in this case is equitable, and treating the petition of the wife as asking the chancellor to compel the husband to account for this separate fund of the wife upon his agreement to repay it, and the defense interposed must prevail.   It seems that the husband shortly after the marriage conveyed to his wife one half of his estate. She was after this made a *feme sole* to enable her to contract and be contracted with, to sue and be sued.   She became involved by reason of her business transactions, and the husband being also indebted they united in a deed conveying the husband's estate and that previously conveyed by him to his wife to a trust company for the payment of their debts.   The debts of the wife exceeded in amount the debts of the husband, yet the husband having given her in the first place one-half of his estate, conveyed the other half also to pay his wife's debts, and she is now insisting that this note was not included in the conveyance to the trustee as one of the debts owing by the husband and therefore a court of equity must make him account to her for the amount.   We see no equity whatever in such a claim.   The wife should have been satisfied when he gave her one-half of his estate, and after involving herself in debt and looking to the husband for aid he gives up his own estate to pay what she owes,

and to urge that the husband under the circumstances still owes this debt to the wife of two hundred and fifty dollars, evidenced by his note, is not only inequitable but unconscionable.

The judgment is reversed with directions to dismiss the petition.