CASE 12—PETITION EQUITY—MARCH 7.

# Leahy v. Leahy.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. RIGHT OF WIFE TO SUE HUSBAND.—The ordinary relation of debt-
or and creditor can not exist between husband and wife, al-
though the wife may have been empowered to trade as a *feme sole*,
as the statute does not enlarge the powers of the wife as to her
husband.  Therefore, the wife, although empowered to trade as
an unmarried woman, can not sue the husband upon a note which
he has executed to her unless she shows some equitable ground of
relief.  The mere fact that she sues in equity to enforce a lien by
which the note is secured does not entitle her to recover.

2. SAME—SEPARATE ESTATE.—Ordinarily where the wife holds the
note of the husband executed for money which belongs to her
as her separate estate, and which he has obtained from her, with
or without her consent, the chancellor may enforce her equity
and require a settlement on her of such an estate as she may be
entitled to.  But the petition in this case does not state any
ground for such equitable relief, nor is any shown by the evi-
dence.  While it is stated that the note sued on is plaintiff's
separate estate this is rather a conclusion of law, there being no
statement as to when or how it became so.

3. THE HUSBAND WAS NOT COMPETENT TO TESTIFY against the wife
in support of the averments of his answer.

HUMPHREY & DAVIE AND M. A. SACHS FOR APPELLANT.

1. At common law the note by the husband to the wife was void.
   (Ellsworth v. Hopkins, 58 Vt., 705.)

2. The *feme sole* statute does not change the common law to the ex-
   tent of allowing husband and wife to give notes to each other
   and sue each other upon them.  (L. & N. R. Co. v. Alexander,
   27 S. W. Rep., 981; Kalfus v. Kalfus, 92 Ky., 542; Lord v. Parker,
   3 Allen (Mass.); Barnett v. Harshberger, 105 Ind., 414; Artman
   v. Ferguson, 73 Mich., 146; Small v. Small, 129 Pa. St., 366; Turn-
   er v. Nye, 7 Allen (Mass.), 176; 28 Fed. Rep., 602; Robey v. Fe-
   lan, 118 Mass., 541; Kriel v. Eggleston, 140 Mass., 203; Woodward
   v. Spurr, 141 Mass., 283.)

3. If the *feme sole* statute had expressly given the husband and wife
   the right to give notes to each other and to sue each other the
   wife could not enforce the note by a sale of the property of the
   husband while he is alive.  (Tucker v. Fenno, 110 Mass., 311.)

4. Even if this were a case of a trust the wife does not come into equity with clean hands in this transaction, and, therefore, can not sue in equity. (Kalfus v. Kalfus, 92 Ky., 542.; Walker's Adm'r v. Peck, 19 S. E. Rep., 411; Bohannon v. Travis, 94 Ky., 59.)

5. If for any reason the court should hold that the wife may sue the husband, then it must follow the husband can testify. (Spitz's Appeal, 56 Conn., 154; s. c. 7 Am. St. Rep., 303; Rivenburg v. Rivenburg, 47 Barb., 423; Commonwealth v. Sapp, 90, Ky., 580.)

P. B. & UPTON W. MUIR for appellee.

1. Appellant being the husband of appellee could not testify against her. (Civil Code, sec. 606, subsec. 1; Commonwealth v. Sapp, 90 Ky., 580; Greenleaf on Evidence, 13 ed., vol. 1, p. 402; 81 Ky., 10; 9 Bush, 717; Kalfus v. Kalfus, 92 Ky., 542; Milton v. Hunter, 13 Bush, 169; Skinner v. Skinner, 38 Neb., 956; Greene v. Greene, 60 N. W. Rep., 937.)

2. The wife may go into a court of equity to enforce a mortgage given by the husband to secure a loan made by her to him of her separate estate. (Civil Code, sec. 34, subsec. 1; Atl. Nat. Bank v. Travener, 130 Mass., 409, 410; 1 Daniel's Ch'y Pr., 6 Am. ed., p. 109, note 7; 2 Story's Eq. Jur., secs. 1368, 1414; Van Duzen v. Van Duzen, 6 Paige, 366; Story's Eq. Pl., sec. 61 and note; Long v. White, 5 J. J. Mar., 230; Dowell v. Covenhoven, 5 Paige, 581; Kenneth v. Winfield, 4 Heisk, 440; 3 Pomeroy's Eq., 319; Schouler's Domestic Relations, 3 ed., secs. 191, 194; Wells on Separate Property of Married Women, pp. 582, 583; 3 Wait's Actions and Defenses, 667, 668; Idem, p. 142; Story's Eq. Jur., 12 ed., vol. 2, p. 616; 2 Lawson's Rights, Remedies and Practice, vol. 2, sec. 716; Cord's Legal and Equitable Rights of Married Women, sec. 979, c and d; Cannel v. Buckle, 2 P. Wms., p. 243; Skinnner v. Skinner, 38 Neb., 756; Greene v. Greene, 60 N. W. Rep., 937; Price v. Cole, 35 Tex!, 470, 471; Clark, assignee, v. Hezekiah, 24 Fed. Rep., 663; Pillow v. Sentelle, 5 S. W. Rep., 783; Manchester v. Tibbetts, 18 Am. St. Rep., 816; Power v. Lester, 23 N. Y., 527; Thomas on Mortgages, sec. 113; Strong v. Skinner, 4 Barb., 546; Proctor v. Cole, 4 N. E. Rep., 303; Tennison v. Tennison, 46 Mo., 77, 81; Wormly v. Wormly, 98 Ill., 544; Higgins v. Higgins, 14 Abb. N. C., 13; Scott v. Scott, 13 Ind., 225, 230; Waller v. Waller, 48 Mo., 140; Moore v. Moore, 47 N. Y., 467; Manning v. Manning, 79 N. C., 296; Alexander v. Alexander, 7 S. E., 340; Brown v. Brown, 36 N. W., 275; Lyons v. Zimmer, 30 Fed. Rep., 411; Atl. Nat. Bank v. Travener, 130 Mass., 409; Bryant v. Bryant, 35 Ala., 290; Ranney v. Ranney, 35 Ala., 282; Witman v. Abernathy, 33 Ala., 154; Pitman v. Pitman, 4 Ore., 298; Resor v. Resor, 9 Ind., 347; Martin v. Robson, 65 Ill., 129; Emerson v. Clayton, 32 Ill., 493; Remy v. Bailey, 11

Atl. Rep., 438; Atwood v. Atwood, 2 N. Y. Suppl., 42; Brickley v.
Walker, 32 N. W. 773; Barbour v. Barbour, 21 How., 590; Medgs-
ker v. Bonebrake, 108 U. S., 73; May v. May, 31 Am. Dec., 399;
McCampbell v. McCampbell, 31 Am. Rep., 623; Hall v. Hall, 38
Am. Rep., 725; Webster v. Webster, 58 Me., 139.)

Kentucky Cases: Marshall v. Hutchinson, 5 B. Mon., 298;
McCann v. Letcher, 8 B. Mon. 320; Campbell v. Galbreath, 12
Bush, 459; Miller v. Edwards, 7 Bush, 397; Campbell v. Campbell's
Tr., 79 Ky., 399; Latimer v. Glenn, 2 Bush, 542; Long v. White,
5 J. J. Mar; Highland v. Highland's Adm'r, 13 Ky. Law Rep., 710;
Maraman v. Maraman, 4 Met., 86; Darnaby v. Darnaby's assignee,
14 Bush, 487; Johnston v. Johnston, 14 Ky. Law Rep., 117; Veal v.
Veal, 89 Ky., 314; Meade v. Stairs, 88 Ky. 72; Thomas v. Hark-
ness, 13 Bush, 28; Polk v. Shanklin 79 Ky., 230; Bright v. Bright,
3 Bush, 155; Hall v. Hall, 89 Ky., 514.)

WM. LINDSAY FOR APPELLEE FILED PETITION FOR REHEARING.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellee is the wife of the appellant, and is seeking
to enforce the collection of a note executed to her in 1876
by her husband for the sum of $2,500, to secure which he
executed a mortgage on a house and lot in Louisville.

It appears from the petition that the wife was empowered
to trade as a *feme sole* at the time of the transaction, but
whether she in fact owned any estate, separate or otherwise,
is not alleged, nor does it appear that she in fact furnished
the husband any money or other thing of value in considera-
tion of which the note was executed. We are abundantly
informed in the brief of counsel that the note was executed
for money loaned by the wife to the husband, and which
had belonged to the wife as her separate estate and which
the husband converted to his own use, executing the mort-
gage as security therefor. The writings themselves are silent
as to these equitable considerations, and the pleadings like-
wise. The wife's case, as set up in her petition, rests upon
purely legal principles. She sues her husband just as she
would sue any other person whose promissory note she might

hold. It is true she sues in equity, but that is because of the lien secured to her by the mortgage.

She alleges, too, that the note is her separate estate, but this is rather a conclusion of law, and we are left to conjecture when or how it became so.

From these premises we might well determine that the plaintiff has not shown herself entitled to maintain the action. For it is abundantly established by all the authorities that the wife must assert some equitable grounds entitling her to relief before she may sue her husband. But waiving this question, we think it clearly appears from the pleadings and exhibits that the claim of the wife is devoid of merit.

The husband pleads that the note and mortgage are wholly without consideration. That prior to his intermarriage with appellee in 1867, he and his former wife, by whom he had a number of children, had accumulated a large estate, consisting in the main of real property in the city of Louisville, the deeds for which, beginning in 1853, he files with his answer. That after his last marriage he was induced to convey a large part of his property to his wife for the sole purpose of avoiding its loss in risky business ventures of which his wife pretended to be afraid, and that she so importuned him as to make him miserable and unhappy, and that in order to pacify her, he conveyed her a lot on Eighth street, of the value of $5,000, bought by him in 1864; one on Magazine street, of the value of $2,000, bought in 1863; one on Eleventh and Logan streets, valued at $2,000, bought in 1853; one on Twelfth street, worth $1,500, bought in 1868, one on Eleventh street, of the value of $3,500, bought in 1868, and one on Broadway, worth $2,000, bought in 1867.

The conveyances are filed and are in the record as evi-

Leahy v. Leahy.

dence. He avers that his wife owned, when he married her, a small millinery store, invoiced for $450, and not worth more than that, which she continued to run with his aid until in 1882, when she sold it for $1,100. She also owned a house and lot in Jeffersonville worth $5,000; and this property she still owned. That he paid the taxes on her Jeffersonville property, and for repairs on it paid $700. That she received all the rents of his property as well as the proceeds of the sale of other valuable real estate to the extent of many thousand dollars, the result of all which was to leave him substantially penniless in his old age.

These allegations the wife in general terms denied, but the conveyances show for themselves and no explanation is offered for their execution. The fact remains that she stands seized of the legal title to this large and valuable estate, which formerly belonged to the husband, and no explanation is made as to her ownership save that offered by the defendant.

The husband testifies in support of the averments of his answer, but his testimony is not competent. His son also testifies, and while too young at the time of the transactions to know much of them, what he does prove is corroborative of the contentions of the defendant. No proof is taken for the plaintiff, her sole reliance being that as she was empowered to trade as a *feme sole*, the subject matter of the litigation must necessarily have been her separate estate, and that this of itself affords the chancellor ground for exercising jurisdiction. And it may be admitted that ordinarily when the wife holds the note of the husband executed for money which belongs to the wife as her separate estate, and which has been obtained from her, with or without her consent, the chancellor may enforce her equity and require a settlement on her of such an estate as she may be entitled

to.   But, as we have seen, the petition in this case does not state any ground for equitable relief.

. At best, it only establishes the naked relation of debtor and creditor between the husband and wife; and while it is contended that such a relation may exist between them as between strangers, by reason of the law empowering the wife to trade as a single woman, we think such a construction of the statute can not be adopted for obvious reasons. This court has strongly intimated to the contrary, if indeed its utterances may not be regarded as expressly determining otherwise.

In Kalfus v. Kalfus, 92 Ky., 542, and in L. & N. R. Co. v. Alexander, 16 Ky. Law Rep., 306, it was held that this statute only enlarges the powers of a married woman as to others than her husband, and the rights of husbands and wives as between themselves are not affected by it. In Tucker v. Fenno, 110 Mass., 311, the court said: "The statutes which have so greatly enlarged the rights and removed the disabilities of a married woman are not intended to place her and her husband in the necessarily adverse relation of debtor and creditor," and it refused to foreclose a mortgage for the wife saying that to do so "would be wholly inconsistent with the conjugal relation." She could not turn him out of possession, she could not compel him to render an account of rents and profits. They could make no binding contract and come to no valid adjustment as to the amount necessary for redemption. He could make no valid tender to her, nor could she give him a valid discharge or release. There is no mode in which their adverse rights could either be prosecuted or released or adjusted that would not be inconsistent with their relation to each other as husband and wife.   Of course, when the wife shows herself entitled to equitable relief, it may be granted, but the burden of show-

ing such equity is on her. In this case the appellee has wholly failed to do this. On the contrary, the record discloses an utter want of equity in her demand; so much so that the chancellor reluctantly entered the judgment in her favor, declaring that to do so was most "distasteful" to him.

In Bohannon v. Travis, 94 Ky., 64, this court said that a contract between husband and wife "will not be enforced in equity in favor of either unless it is fair and just, founded on a valuable consideration, and reasonably certain as to its stipulations and the circumstances under which it was made."

Let the judgment be reversed with directions to dismiss the petition.