# Hunt, Appellant, v. Koehler.

*Husband and wife—Disability of wife to sue husband—Mortgage—Remainder interest.*

Where a husband and wife join in executing a mortgage on a remainder interest in real estate owned by the wife, and after default and the institution of a foreclosure suit on the mortgage, the life tenant dies, and the executor of the estate makes distribution thereof, taking a receipt in full from the wife for her share, excepting the bond, which the executor is to retain for the purpose of litigating in the name of the estate, but at the expense, charges and costs of the wife the executor cannot maintain a suit on the bond against the husband and wife to impose a liability upon the husband, although the bond and mortgage may have been originally given for the latter's benefit. Such a suit is in reality an action at law by the wife against the husband and is a mere device to circumvent the law which prohibits a wife from suing a husband.

Argued Feb. 19, 1912. Appeal, No. 243, Jan. T., 1911, by plaintiff from order of C. P. Lackawanna Co., Jan. T., 1908, No. 997, dismissing exceptions to auditor's report in case of Holloway W. Hunt, Executor of the Estate of Carter Martin, deceased, v. Alice S. Koehler and Frederick M. Koehler. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to report of Myer Kabatchnick, Esq., Auditor.

NEWCOMB, J., dismissed the exceptions in an opinion in which he stated the facts to be as follows:

The defendants are husband and wife. Mrs. Koehler was a beneficiary under the will of Carter Martin, deceased, and the contest grows out of a loan of funds of the estate made to her and her husband.

Mr. Martin died in 1884, at Warren county, New Jersey, the place of his domicile. The plaintiff, of the same place, was the executor of his will as well as trus-

tee of his estate during the life of testator's daughter, Mrs. Sarah E. LaBar. The defendants reside in this city. Subject to Mrs. LaBar's use for life, the estate was devised in equal shares to her three children, of whom Mrs. Koehler is one. Mrs. LaBar survived until February, 1910. This suit had then been pending upwards of two years. Since then final distribution has been made by the executor, and to all practical intents and purposes the estate has been fully settled, including the proceeds of the lawsuit, if any are to be realized. It is founded on defendants' bond of July 2nd, 1901, to secure a loan of $2,000, which was negotiated with the executor by Mr. Koehler. Mr. Hunt would loan the funds of the estate only as against Mrs. Koehler's share in the remainder, upon her husband joining in her bond in such form as was satisfactory to him; it was so done. In part the estate consisted of lands in New Jersey. As collateral to the bond defendants gave a mortgage on these lands. This, however, was never recorded nor foreclosed. The term of the bond was one year, with a provision that the interest should be "payable annually." It was in fact extended from year to year by interest payments until July, 1907, the principal being reduced during that time to $1,800.

It was also stipulated on the part of Mrs. Koehler "as a further condition ...... that in case of the death of her mother, Sarah E. LaBar, before this bond is paid and satisfied, or in case the interest or share of the said Alice S. Koehler in the land and premises mentioned in the said mortgage ...... should prove insufficient to pay and satisfy the same, then in either event, the said second party, executor as aforesaid, or his successors are ordered and directed to satisfy this bond or obligation out of any moneys in said estate belonging to said Alice S. Koehler and charge the same to her account as part of her share or interest in said estate," etc.

Mrs. LaBar's death occurred, as above noted, in Feb-

ruary, 1910. There were assets then in the executor's hands payable to Mrs. Koehler in excess of the amount of the bond. By the following August he was prepared to distribute and make final settlement with all parties. Mrs. Koehler's share of all the assets amounted to $13,856.37. It was partly cash and the balance in stocks and securities which the parties treated as cash. This, less the amount of the bond, was turned over to her by the executor against her release and receipt in full on August 20th, 1910. In form this was as follows: "In full of my distributive share in said estate, and under and by virtue of the last will and testament of said deceased—less a bond and mortgage of $1,800 and the interest now due thereon given," etc., "and now under litigation at Scranton, Pa., and in consideration thereof I do hereby fully and absolutely acquit, release and discharge the said Holloway W. Hunt personally and as such executor and trustee, and also the estate of said deceased, of and from all actions, claims and demands whatsoever for or on account of the said distributive share or interest due me in said estate, as aforesaid stated, excepting the said bond and mortgage to be retained by said executor and litigated to a final conclusion in the name of the estate but at the expense, charges and costs of the said Alice S. Koehler."

From that date to this the claim has been without merit other than the entire candor and frankness of the parties who assert it. For, apart from this outspoken avowal in writing, Mr. Hunt testifies without reserve that he stands substantially discharged from his trust; that it only remains for him to file his releases and vouchers in the proper office; that in his settlement with all parties this loan has been accounted for and charged to Mrs. Koehler's share; that no person other than Mrs. Koehler has any interest whatsoever in the suit; and that it was kept nominally alive at her request and for her sole use and benefit in an attempt to enforce payment by her husband.

*Errors assigned* were in dismissing exceptions to adjudication.

*W. J. Torrey,* of *Welles & Torrey,* for appellant.

*W. S. Diehl,* of *Watson, Diehl & Watson,* with him *James K. Gearhart,* for appellee.

OPINION BY MR. JUSTICE STEWART, April 8, 1912:

The legal plaintiff to the action is absolutely without interest in the result, even to the extent of costs, for as against these he has been indemnified. He sues as executor, on a bond given him as executor, and which by its terms authorized him to apply in payment thereof whatever was required out of the distributive share of one of the makers in the estate he represented. This he has done, and has been released by such distributee from all liability and accountability therefor. It is of no possible consequence that under the terms of the bond he was not obliged to adopt this method of securing payment, but had the alternative remedy of an action on the bond. The important thing is that he did adopt the former rather than the latter, and the bond has been in fact paid. No use plaintiff has been brought upon the record, but the evidence discloses that the substantial plaintiff claiming to recover on the ground of equitable interest, is Mrs. Alice S. Koehler, herself one of the two defendants in the action, the other being her husband, Frederick M. Koehler, against whom recovery is sought. Her claim is that the bond sued on was given for the debt of her husband, Frederick M. Koehler; that she was simply surety thereon; that the debt has been paid by her, and that therefore she is in equity entitled to recover over. What is this but an action at law by the wife against the husband? It is too plain to be disguised by any refinement of statement as to the nature of the claim, that this is what the proceeding means. The result of the action concerns only the wife, and can

involve no one but the husband. The agreement between her and the executor that the action should be maintained in the latter's name as legal plaintiff, as a device to circumvent the law which prohibits a wife from suing her husband, lacks even the merit of ingenuity. The right to sue the obligor in an action by a surety to recover over against the principal obligor does not depend upon agreement with the obligee. If the purpose in making the agreement in this case was to avoid bringing the use plaintiff upon the record or to the light, and thereby conceal the true nature of the action,—and we can conceive of no other—failure might readily have been foreseen. An admission by the legal plaintiff that he was without interest, would have made it indispensable to the further maintenance of the action that a subsequent use plaintiff should appear.

The assignments of error are overruled, and the judgment is affirmed.