Erving M. Greenwood, In Equity, *vs.* Bertha M. Greenwood.

Androscoggin.    Opinion March 25, 1915.

*Agreement by Wife to Support Self and Children.    Agreement to Separate.    Consideration.    Conveyance.    Equity.    Husband and Wife.    Public Laws of 1913, Chap. 48.    Public Policy.    Separation Must Actually Take Place and Continue.*

Bill in equity brought by a husband against his wife, under Chap. 48, Public Laws of 1913, to enforce the reconveyance of certain real estate deeded by him to her on April 10, 1914.

This conveyance was made contemporaneous with a written agreement of separation, whereby the plaintiff was to leave home, the defendant was to have the custody of the children without interference from the plaintiff and she was not to demand or receive from the plaintiff any further aid in their care, education or maintenance.    No separation took place, and the family has remained unbroken.    With the exception of the first two or three weeks, the husband has supported wife and children, as husbands and fathers usually do.    He has bought the groceries and at his wife's request has furnished the money with which to buy the clothing.    He has carried on the farm as before.

*Held:*

1.  That the written agreement is in the nature of an agreement for separate support of both wife and children.

2.  That the condition on which the validity of a post nuptial agreement for support rests, is, either that separation has already taken place, or that the agreement is made in contemplation of an immediate separation, which takes place as contemplated.

3.  That the consideration for an agreement of separation fails and the contract is avoided when, as here, separation does not take place, or where, after it has taken place, the parties are reconciled.

4.  That the wife has, therefore, received a conveyance of this homestead property which was not intended as a gift and for which she has paid no consideration, and to permit her to retain the title under these circumstances would be against equity and good conscience.

On appeal by the plaintiff.    Appeal sustained.    Bill sustained. Decree in accordance with opinion.

This is a bill in equity, brought by Erving M. Greenwood, plaintiff, against Bertha M. Greenwood, his wife, and is based upon the provisions of Chap. 48, Sec. 2 of the Public Laws of 1913, to recover back certain real estate conveyed by him to his wife April 10, 1914, in consideration that the parties should separate and thereafter live separately, and that the wife should care for herself and said minor children, without assistance from the husband and father. To the bill, the defendant filed her answer, and the plaintiff filed replication to said answer. The cause was heard by a single Justice, who ordered, adjudged and decreed that the bill be dismissed. From this decree, the plaintiff appealed to the Law Court.

The case is stated in the opinion.

*McGillicuddy & Morey,* for plaintiff.

*Newell & Woodside,* for defendant.

SITTING: SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

CORNISH, J. This is a bill in equity brought by a husband against his wife under Chap. 48 of the Public Laws of 1913 to enforce the reconveyance of certain real estate deeded by him to her on April 10, 1914. This statute provides as follows:

Section 2. "A wife may bring a bill in equity against her husband for the recovery, conveyance, transfer, payment, or delivery to her of any property, real or personal or both, exceeding one hundred dollars in value, standing in his name or to which he has the legal title, or which is in his possession, or under his control, which in equity and good conscience belongs to her and which he neglects and refuses to convey, transfer, pay over or deliver to her, and, upon proper proof, may maintain such bill. And a husband shall have the same right to bring and maintain a bill in equity against his wife for the purposes aforesaid, subject to the limitations aforesaid. Marriage shall be no bar to the maintenance of a bill in equity by a wife against her husband, or by a husband against his wife, brought for the purposes aforesaid," etc.

The facts upon which these proceedings are based as found by the sitting Justice are these. "Prior to April 10, 1914, the plaintiff became very much disturbed by the misconduct of the defendant and told her in substance that he would not stand it, that something had got to be done. Thereupon she asked him if he would be willing to

give her the property, meaning the farm in question, she to take care of the children. He assented. Two or three days later, namely April 10, 1914, they went together to the office of an attorney, who drafted, and they signed, the following agreement:

'Whereas Erving M. Greenwood has this day conveyed to Bertha M. Greenwood certain land in Turner, Androscoggin County, Maine, and in consideration of said conveyance the parties mutually agree as follows: Said Erving M. Greenwood is about to go away and leave his family, and it is agreed that the children of the parties are to remain in the custody of the mother, Bertha M. Greenwood, without interference from the said Erving M. Greenwood, and that the said Bertha M. Greenwood is not to demand or receive from the said Erving M. Greenwood any further aid in the care, education and maintenance of said children.'

And at the same time, in consideration in part at least, of this agreement, the plaintiff gave the defendant a deed of the farm in question. It was then understood that the plaintiff should sell his personal property within a reasonable time and leave the home. He sold some or all of the personal property to the defendant but he did not leave. He remained in the house and family and has carried on the farm until the present time (November 7, 1914) exactly as he was accustomed to do prior to April 10. For two or three weeks after April 10 the defendant purchased the family supplies. After that the plaintiff did. And he has since supported wife and children as husbands and fathers usually do. The defendant did not refuse to carry out her part of the agreement, but in view of the voluntary action of the plaintiff, above stated, she has had no occasion to do so. It is not shown that the parties have made any other definite agreement in the premises. Things have simply gone on without any express agreement."

The sitting Justice decided that the plaintiff had not shown a case of which the court in equity has cognizance under the statute aforesaid and dismissed the bill. From this decree the plaintiff appealed. The question therefore is sharply raised whether under the undisputed facts in this case (the defendant having introduced no evidence) and under the findings of the sitting Justice the plaintiff can invoke the aid of this remedial statute.

The written agreement is in the nature of an agreement for separate support, and while in express terms the mother binds herself to main-

tain the children only, and does not include herself, we think the clear intendment of the parties and the fair construction and purport of the instrument as a whole, in view of all the surrounding facts and circumstances, was that the mother was thenceforth to support the family, excluding the husband, and that the homestead farm was conveyed to her for that purpose.  Thenceforth the husband was to look out for himself and the mother for herself and her children. The validity of an agreement for the separate support of the wife alone has been upheld in this State in *Carey* v. *Mackey*, 82 Maine, 516, where an action of debt˙ on bond given by the husband to the wife for her separate support was held maintainable by the wife after she had obtained a divorce, and this is in accord with the general current of English and American authority.

Whether an agreement, like that in the case at bar, under which the mother attempts also to assume the burden of the care and maintenance of their minor children and to relieve the father from his fixed legal liability therefor, without the sanction of the court, can be upheld may well be doubted, *Grime* ·v. *Borden*, 166 Mass., 198, 200; *Wright* v. *Leupp*, N. J., Eq. (1905) 62 At., 464-5.  As between the father and the children he was not thereby relieved of the duty of their maintenance, a duty imposed by their very relationship and which they had in no way surrendered.  There is ground for holding that such a contract offends public policy.  The wife may under certain conditions discharge her husband from liability for her own support but she has no authority to act for her children either in cutting off or transferring right of parental support to which they are legally entitled.  The State has an interest in the welfare of the child, and in all divorce proceedings that welfare is held to be superior to the wishes of the parent, and governs the court in its decrees as to custody and maintenance.  This jealous regard for the rights of the child should look askance at contracts between parents attempting to shift the legal responsibility.  The relation between husband and wife is one thing, that between parent and child is quite another. But it is unnecessary to decide that question in the case at bar.

Nor is it necessary to hold that the transfer of the real estate by the father to the mother was void because the agreement given in consideration thereof was non-enforceable in law, although such a contention is not without force.  Had the wife refused to carry out the contract the husband was remediless.  He could not maintain

an action for its breach because neither party to the marriage contract can sue the other at common law while the marriage relation exists, *Hobbs* v. *Hobbs,* 70 Maine, 381, and this disability has not been removed by our statutes, *Haggett* v. *Hurley,* 91 Maine, 542, 547. The Massachusetts Court has therefore recognized such contracts between husband and wife only when made in the name of a third party as trustee, *Hollenbeck* v. *Pixley,* 3 Gray, 521; *Fox* v. *Davis,* 113 Mass., 255; *Whitney* v. *Closson,* 138 Mass., 49; *Grime* v. *Borden,* 166 Mass., 198; *Atkins* v. *Atkins,* 195 Mass., 124, and so has the Supreme Court of the United States, *Walker* v. *Walker,* 9 Wall., 743. Whether therefore in the case at bar the conveyance should be allowed to stand when the consideration therefor is a non-enforceable contract might well be questioned.

But for the purposes of this case, without deciding either of the questions already raised, the agreement must be held invalid on another ground.

The condition on which the validity of a post nuptial agreement for support rests is, to quote the language of this court, either "that separation has already taken place or that the agreement is made in contemplation of an immediate separation which takes place as contemplated." *Carey* v. *Mackey,* 82 Maine, 516. This condition is insisted upon and this peculiar species of contract, which by the very nature of the case and the relations of the parties is regarded as sui generis, is upheld and enforced only when that condition has been complied with, and both the separation and its continuance are proved as facts. In *Page* v. *Trufant,* 2 Mass., 159, cited in *Carey* v. *Mackey,* supra, separation had already taken place; in *Fox* v. *Davis,* 113 Mass., 255, the parties lived separately after the agreement. In this latter case the court say: "The great weight of authority sustains the validity of such contracts where the separation has taken place or is to take place immediately. . . . We are of opinion, therefore that when, in contemplation of an immediate separation, actually carried out, a husband, by indenture, places money in the hands of a trustee the income of which is to be paid to the wife during life, the indenture is binding on him and will not be set aside as against public policy." The element of continued separation is indispensable; *Bailey* v. *Dillon,* 186 Mass., 244. The query has even arisen as to what the effect of a bona fide offer to return on the part

of the wife might be, but the point has not been decided so far as we have been able to ascertain. *Allen* v. *Winn*, 134 Mass., 77-81; *Bailey* v. *Dillon*, 186 Mass., 244, 248.

The rule therefore, that actual and continued separation either before the agreement or immediately after, must exist in order to enforce such an agreement is fully established. The reason upon which the rule rests is that if such separation does not take place or is not continued the consideration fails. "The consideration for an agreement of separation fails, and the contract is avoided where separation does not take place, or where, after it has taken place, the parties are reconciled and cohabitation resumed." *Galusha* v. *Galusha*, 116 N. Y., 635, 22 N. E., 1114. It should also be added that such contracts do not stand upon the same footing in all respects as ordinary commercial contracts, and equity will not enforce them unless they are fair and reasonable. To hold a man liable for the separate maintenance of his wife and children while they are at the same time living together in the ordinary family relations, violates the idea of fairness and reasonableness.

The facts of this case illustrate the reason of the rule and call for its application. The agreement was made and the deed was given while the parties were living together in the usual family relations, and those relations have continued unchanged. It was contemplated at the time, that separation would follow forthwith, but it never has taken place. The family has remained unbroken. The wife purchased the family supplies for two or three weeks, but with that exception the husband has "supported wife and children as husbands and fathers usually do." He has himself bought the groceries while he has given his wife the money with which to purchase the clothing, and this at her request, in direct violation of the terms of the agreement that she was "not to ask, demand or receive from the said Erving M. Greenwood any further aid in the care, education and maintenance of said children."

The result is that the wife has received a conveyance of this homestead property which was not intended as a gift and for which she has paid no consideration, except an agreement on her part the consideration for which has failed and an element essential to its validity is lacking. It is both non-enforceable and void. To permit her to continue to hold the property under these circumstances would be

unfair, unreasonable and inequitable. "In equity and good conscience" it belongs to the plaintiff and therefore under Chap. 48 of the Public Laws of 1913, he should be permitted to recover it.

The entry must therefore be,

*Appeal sustained.*
*Bill sustained.*
*Decree in accordance with opinion.*