PASSAIC COUNTY CIRCUIT COURT.

RUTH METZLER, PLAINTIFF, v. WALTER METZLER, DEFENDANT.

MACKAY, J. The plaintiff in this action, Ruth Metzler, is the wife of the defendant, Walter Metzler. By virtue of some contract, or agreement or contractual relationship or other, the plaintiff brought an action at law in the New York courts as wife against the defendant and obtained a judgment for the amount mentioned in the complaint in this action. It seems to be admitted that a judgment was rendered and that the authority for the wife to bring an action at law against the husband was governed by a New York statute providing therefor. The wife now brings this action in the New Jersey court of law founded upon this judgment obtained in the New York court of law. It is admitted by both plaintiff and defendant that the husband was regularly served in New York and there was no fraud. These appear to be the two defenses allowed to an action in this state upon what is called a foreign judgment.

The plaintiff moves for a summary judgment contending that because of the New York statute giving authority to sue at law in New York, that she has a right to bring her action in this state upon the judgment there obtained. The defendant moves to strike out the complaint on the ground that the plaintiff is not entitled to maintain her action in this court.

Counsel for both plaintiff and defendant said they could find no law on the subject in New Jersey or elsewhere where a judgment had been obtained in a state in an action at law by the wife against the husband or *vice versa,* and an action

brought upon that judgment in a law court in a state where there was no statute.

At first blush I was inclined to believe that the plaintiff was entitled to a judgment, but upon mature consideration of the matter I am inclined to believe that the action cannot be maintained.

In the case of *Wood* v. *Chetwood*, 44 *N. J. Eq.* 64; 14 *Atl. Rep.* 21; *affirmed*, 45 *N. J. Eq.* 369; 19 *Atl. Rep.* 622, Vice-Chancellor Van Fleet said:

"If a right of action exists in the complainant, it would seem to be unquestionable that this court has exclusive original jurisdiction over it. The foundation of the action is a contract made by a husband with his wife. To entitle the complainant to recover, a contract, either express or implied, must be shown to have existed between the husband and his wife. Contracts between persons holding this relation to each other still stand on their ancient footing—void at law, but good in equity, if fair and fairly obtained. The statutes giving married women the same dominion over their property that they might exercise if they were single, expressly declares: 'Nor shall anything herein enable husband or wife to contract with or to sue each other except as heretofore.' *Rev., p.* 639, § 14. Courts of equity alone can give a remedy on a contract made between a husband and his wife, whether redress is sought by one of the original parties against the other, or by or against the legal representative of one or both of the original parties. *Woodruff* v. *Clark*, 13 *Vr.* 198; *Gould* v. *Gould*, 8 *Stew. Eq.* 37; *S. C. on appeal, Ibid.* 562; *Rusling* v. *Rusling*, 18 *Vr.* 1; *National Bank of Rahway* v. *Brewster*, 20 *Id.* 231." See, also, *Drum* v. *Drum*, 69 *N. J. L.* 557.

I cannot find anything in the statutes since this decision changing the rule as to the right of the wife to sue the husband or the husband to sue the wife at law.

Again, we find it is held that—

"Under the common law neither spouse can sue the other at law, the relation of the parties in the view of law being inconsistent with the idea of any legal controversy between

them. *Brown* v. *Brown,* 88 *Conn.* 42; 89 *Atl. Rep.* 889; *Whiting* v. *Whiting,* 114 *Me.* 382; 96 *Atl. Rep.* 500; *Atkins* v. *Atkins,* 195 *Mass.* 124; 80 *N. E. Rep.* 806; 122 *Am. St. Rep.* 221; 11 *L. R. A. (N. S.)* 273."

"The doctrine that husband and wife could not sue each other was founded upon the theory that they were one person in law and is supported by weighty considerations. *Lombard* v. *Morse,* 155 *Mass.* 136, 140; 29 *N. E. Rep.* 205; 14 *L. R. A.* 273."

"Public policy originating in the delicate relation existing between husband and wife forbade the wife from maintaining an action at law against her husband. *Heacock* v. *Heacock,* 108 *Iowa* 540, 543; 79 *N. W. Rep.* 353; 75 *Am. St. Rep.* 273."

"The common law rule still prevails except where changed by statute, either expressly or impliedly. *Wood* v. *Chetwood,* 44 *N. J. Eq.* 64; 14 *Atl. Rep.* 21; *affirmed,* 45 *N. J. Eq.* 369; 19 *Atl. Rep.* 622; *Hunt* v. *Koehler,* 236 *Pa. St.* 13; 84 *Atl. Rep.* 583; *Leahy* v. *Leahy,* 97 *Ky.* 59; 17 *Ky. L. Rep.* 187; 29 *S. W. Rep.* 852; *Greenwood* v. *Greenwood,* 113 *Me.* 226; 93 *Atl. Rep.* 360; *Frankel* v. *Frankel,* 173 *Mass.* 214; 53 *N. E. Rep.* 398; 73 *Am. St. Rep.* 266."

The motion to strike out the complaint will be granted.