GEORGE O. DANFORTH *vs.* SAMUEL BRIGGS, and another.

Waldo.    Opinion August 6, 1896.

*Trespass.    Mortgage.    Husband and Wife.    Trusts.*

In an action of trespass for breaking and entering the plaintiff's close and carrying away the crops, the question was whether, at the time of the alleged trespass, the plaintiff or his wife, under whom the defendants justified, had the better title to the close.    It appeared that the land in question consisted of two parcels.    The first, previously owned by the husband, had been conveyed by him to his wife.    The second was then purchased and the deed taken in the wife's name; and to secure the purchase money both husband and wife gave their notes—the wife giving a mortgage of both parcels to secure these notes.    The notes were paid, but whether wholly by the husband, or partly by the husband and partly by the wife, was a disputed question between them.    The husband made the last payment and the notes were given up to him; but instead of having the mortgage discharged, he took an assignment of it to himself and had it recorded.    The wife afterwards procured a discharge by the mortgagee and had it entered of record.    The husband claimed title and possession under his assignment, and his equitable title to the land; the wife, denying any equitable title in her husband, claimed title and possession upon the ground that the assignment of the mortgage to her husband, after the notes to secure which it had been given were paid, was inoperative and void; and that the discharge of the mortgage obtained by her was valid.

*Held;* that the wife had the better title and the right of possession; and that as the defendants acted under her authority, their justification was complete.

*Also,* that when the debt was contracted, the husband was not a mere surety for his wife but expected to pay the debt himself, and thus extinguish the mortgage and leave his wife's title to the land unincumbered;—*hence,* the assignment of the mortgage to him was inoperative and void.

The presumption of the law is against an implied trust in favor of a husband who has paid for lands conveyed to his wife. To overcome this presumption the proof must be strong and clear.

On Report.

The case appears in the opinion.

*W. T. Haines*, for plaintiff.

*E. P. Coffin*, for defendants.

Sitting: Peters, C. J., Walton, Foster, Haskell, Wiswell, Strout, JJ.

Walton, J. This is an action for breaking and entering the plaintiff's close and carrying away hay and apples. The question is whether, at the time of the alleged trespass, the plaintiff or his wife had the better title to the close. The wife is not a party to the suit, but the defendants justify under her authority, and the real controversy is between husband and wife. They had been living apart for several years, and in 1894, there was a struggle between them for the possession of the land in question, and the crops growing upon it, attended with some violence. The defendants assisted the wife; and for their acts in so doing, the plaintiff has commenced this action against them.

The land in question consists of two parcels. One is known as the Danforth place and the other as the Clifford place. The Danforth place was formerly owned by the plaintiff. In 1878, he conveyed it to his wife. The Clifford place was then bought and a deed of it taken in the name of the wife. She then had the title to both parcels. To pay for the Clifford place, a thousand dollars was hired, and notes given signed by the plaintiff and his wife, and the wife gave a mortgage of both parcels of the land to secure the payment of the notes. The notes have been paid, but whether wholly by the husband, or partly by the husband and partly by the wife, is one of the questions in dispute between them. The husband made the last payment, and the notes were given up to him; but instead of having the mortgage given by his wife discharged, he took an assignment of it to himself, and had the

assignment recorded.  The wife afterwards procured from the mortgagee a discharge of the mortgage and had the discharge entered of record.  The husband claims title and the right of possession under his assignment, and his equitable title to the land; and the wife claims title and the right of possession upon the ground that the assignment of the mortgage to her husband, after the debt to secure which it had been given was paid, was inoperative and void, and that the discharge of the mortgage obtained by her is valid; and she denies that her husband has even an equitable title to the land.

In support of his title under the assignment of his wife's mortgage to himself, the plaintiff invokes the doctrine of subrogation. He claims that he was only a surety on the notes signed by himself and his wife; and, having paid them, he is entitled to a subrogation of the security held by the creditor; and that, upon this ground, the assignment of the mortgage to him can and ought to be sustained.

Undoubtedly a mere surety, who is compelled to pay the debt of his principal, is entitled to a subrogation of the securities held by the creditor.  But we find it impossible to believe that the plaintiff was a mere surety on the notes signed by himself and his wife.

These notes were given in 1878.  So far as appears, he and his wife were then living together in harmony; and the notes were given for money with which to buy a home for himself and his wife and his little children.  He was then receiving a pension from the United States government of twenty-four dollars a month— since increased to thirty dollars a month—and the evidence shows that he was able to work in a shoe shop and to earn good wages. With the exercise of prudence and economy, he might reasonably expect to be able to pay the notes in a few years.  But how could he expect that his wife would be able to pay them?  She was drawing no pension; and, so far as appears, she was then engaged in no business yielding an income.  She was then performing the duties of a wife and a mother.  And it was his duty, not hers, to provide a home for the family.  And if he chose, as many other husbands have done, for prudential reasons, to have the title to

that home vested in his wife, it by no means follows that he expected her to pay for it. Their relations have since changed. He now accuses her of willful desertion, and she accuses him with getting drunk and breaking her furniture and kicking her with his cowhide boots on; and he may now regret having placed the title to his home under her control; and, as a means of getting it back, he may now be willing to assume the position of a mere surety on the notes given for the money with which to purchase it; but we can not believe that, at the time when the notes were given, he regarded his wife as the principal debtor and himself as a mere surety. On the contrary, our conviction is that when the debt was contracted, the husband expected to pay it, and to thereby extinguish the mortgage given by his wife, and leave her title to the land unincumbered; and we think that such must be the effect of the payment, and that the assignment of the mortgage to him must be regarded as inoperative and void. *Moody* v. *Moody*, 68 Maine, 155; *Burnham* v. *Dorr*, 72 Maine, 198.

Nor do we think the wife can be regarded as holding the land as a mere trustee of her husband. Our law allows husbands to convey their real estate directly to their wives; and it allows husbands to pay for real estate indirectly conveyed to their wives. As against existing creditors of the husband, such conveyances may be inoperative. But, as against the husband, they are valid. The wife may not be able to convey the real estate without the joinder of her husband; but she will be entitled to the exclusive possession of it. And while it is no doubt possible for an implied trust to arise in favor of a husband who has paid for real estate conveyed to his wife, the presumption of the law is against such a trust, and, to overcome this presumption, the proof must be strong and clear. *Stevens* v. *Stevens*, 70 Maine, 92; *Lane* v. *Lane*, 80 Maine, 570.

No such proof exists in this case. And our conclusion is that, at the time of the alleged trespasses, the wife had the better title and the right of possession; and that, as the defendants acted under her authority, their justification is complete.

*Judgment for defendants.*