THERESA L. WHITING, in Equity, *vs*. SAMUEL K. WHITING.

Hancock.    Opinion January 31, 1916.

*Constructive Trust.    Equitable Remedy.  ·    Fraudulent Conveyance.*
*Husband and Wife.    Interest of Wife in Husband's Real*
*Estate.    Laws of 1913, Chapter 40.*

1.  Upon the death of a husband a proportion of his real estate prescribed by statute descends to his widow in fee.

2.  During wedlock, before a husband's death, his wife has a right and interest in his real estate, contingent upon her surviving him. The interest is a valuable property interest.

3.  In a case where a husband falsely and fraudulently represented to his wife that a deed which he requested her to sign in release of her right and interest by descent, did not include certain of his real estate, and thereby induced her to sign a deed which did include such real estate, in pursuance of a fraudulent scheme to deprive her right and interest by descent, it is held:—

a.  That so much of the money received by him for the land conveyed as is equivalent to the value of her right and interest by descent is held by him under a constructive trust, and that he is accountable to her for it.

b.  That the wife in such case may maintain a bill in equity at common law against her husband to impress a trust upon the money received, and for an accounting.

c.  That, in such a case, a wife may maintain a bill in equity against her husband under Laws of 1913, Chapter 40, which provides such a remedy when a husband has property in his possession or under his control which in equity and good conscience belongs to his wife.

Bill in equity brought by a wife against her husband to have her share of the purchase price of certain lands sold by her husband declared to be a trust fund, and to compel him to account to her for said share, the wife alleging in her bill that her husband, in order to obtain her signature to the deed, made false and fraudulent statements to her concerning the lands that were intended to be included in the conveyance.

The defendant demurred to the bill and the presiding Justice, all the parties agreeing thereto, ordered the bill to be reported to

the Law Court on bill and demurrer. Demurrer overruled. Defendant to answer.

Case stated in opinion.

*Fulton J. Redman,* for plaintiff.

*Deasy & Lynam,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHIL-BROOK, JJ.

SAVAGE, C. J. This bill in equity is brought by a wife against her husband. She alleges in her bill, that her husband being about to execute and deliver a deed of certain of his real estate requested her to sign the deed in release of her right and interest by descent. She alleges further that the defendant, "with intent to deceive the plaintiff in regard to the contents of said deed and to induce her to sign the same, falsely and fraudulently stated and represented to the plaintiff that the said deed had reference" to two certain described lots, and that it did not "refer to or in any way affect" a certain other lot, described in the deed as the "First Lot," that relying upon these statements she signed the deed, as requested, that she did not know the true contents of the deed, that the defendant did know, that the defendant "induced the plaintiff to sign said deed in pursuance of a fraudulent scheme to deprive her of her interest and right by descent in the said "First Lot," and that the value of the defendant's interest in that lot was approximately six thousand dollars.

The bill seeks to have so much of the fund received by the defendant from the sale of the real estate in question as is equivalent to the value of the plaintiff's right and interest therein, of which she claims to have been defrauded, declared to be a trust fund, and that the defendant be ordered to account to her for the same.

The defendant demurred, and the case comes before this court on report on bill and demurrer.

There is an infirmity in the bill in that there is no express averment that the "First Lot" was included in the deed, but no point is made in argument on this ground. Nor is it contended that the allegations in the bill, which upon demurrer are to be taken to be true, do not state a case of fraud within the equity jurisdiction of

the court, if the parties were not husband and wife. The defense, as stated in the brief, "rests upon the proposition that the doctrine of marital unity,—oneness—has not been even in equity so completely abrogated as to authorize suits by one spouse against the other involving strictly marital rights in property." The sole question argued, and to be considered is, whether a wife has a remedy in equity against her husband for wrongs and frauds such as are alleged in the bill.

It is well settled that a wife cannot maintain an action at law against her husband. *Perkins* v. *Blethen,* 107 Maine, 443; *Copp* v. *Copp,* 103 Maine, 51. It is equally well settled that, because there is no remedy at law, their conflicting rights touching property may be adjusted in equity. *Fitcher* v. *Griffiths,* 216 Mass., 174. This general proposition is not denied, but it is contended by the defendant that it is limited to property rights growing out of an ante-nuptial settlement, or relating to separate property, and does not include such rights as grow out of and depend upon the marital relation alone. And the inchoate interest which a wife has in her husband's real estate is claimed to be dependent only on the marital relation.

The discussion will be clarified if we state first what is a wife's interest in her husband's real estate. In this State the common law right of dower has been abolished. Laws of 1895, ch. 157, sect. 2; R. S., ch. 77, sect. 8. In lieu thereof, a larger and more valuable interest is given to the wife. The husband's real estate descends, "if he leaves a widow and children, one third to the widow; if no issue, one-half to the widow; and if no kindred, the whole to the widow." R. S., ch. 77, sect. 1. This right of the wife is called in the statute her "right and interest in the real estate." Upon his death, the fee in the real estate descends to the widow, in the proportion prescribed by the statute. *Longley* v. *Longley,* 92 Maine, 395. During his lifetime her right is, in a sense, inchoate, and is contingent upon her surviving her husband. But it is an interest. The statute terms it such. It is a valuable interest. It is an interest that she cannot be deprived of without her consent, without compensation. It is an interest which can be valued. If she refuses to release her interest by joinder in a deed with her husband, her interest may be determined, and the value thereof ordered paid to

her. R. S., ch. 77, sect. 17. It has been held that she has such an interest during her husband's lifetime that she is entitled to redeem from his mortgage, though she had therein released to the mortgagee her right and interest by descent. *Tuttle* v. *Davis,* 114 Maine, 109; *Fitcher* v. *Griffiths,* supra.

It has been well said that an inchoate right of dower is a kind of property with incidents sui generis. *Fitcher* v. *Griffiths,* supra. It has been said that it is "a valuable interest, which is frequently the subject of contract and bargain. It is more than a possibility, and well may be denominated a contingent interest." *Bullard* v. *Briggs,* 7 Pick., 533. It has been called "a right of value, dependent on the incident of ownership." *Mason* v. *Mason,* 140 Mass., 63. Much more are these definitions to be applied to a right and interest by descent. *Tuttle* v. *Davis,* supra.

It is an ancient doctrine that a bill for an injunction will lie to restrain a husband from transferring property in fraud of the legal or equitable rights of his wife. 2 Story's Eq. Jur. sect. 955. If this is true, it is difficult to perceive why a wife should not have an equitable remedy against the proceeds of his fraud.

And this leads us to consider what we think is the precise issue in this case. This is not a bill to recover damages which have resulted from the fraudulent conduct of the husband. The plaintiff is not now seeking to protect her interest in the land. Her point is that her husband, by means of fraud, has received money for her interest in the land, and that in equity that money belongs to her. She seeks to impress upon that money a constructive trust, a trust ex malificio. She is seeking to recover money which, she says, in equity belongs to her. She is seeking to enforce a property right. We think she may do so. Though her right originated through the marital relation, her right to the fund is not a marital right. It is a property right, equitable in its nature, and enforceable in equity. It is such a property right as a wife may enforce in equity against her husband.

Thus far we have treated the question upon the common law doctrine of the ability or disability of a wife to proceed in equity against her husband. But we think, also, that the case fairly comes within the scope of chapter 48 of the Laws of 1913. By that statute jurisdiction in equity is conferred upon the supreme judicial court to hear and determine property matters between wife and husband.

Section *2* provides that "a wife may bring a bill in equity against her husband for the recovery, conveyance, transfer, payment or delivery to her of any property, real or personal, or both, exceeding one hundred dollars in value, standing in his name, or to which he has the legal title, or which is in his possession, or under his control, which in equity and good conscience belongs to her." The fund upon which the plaintiff seeks to impress a trust is undoubtedly property. It is property in his possession and under his control. It is property which, if her allegations are true, in equity and good conscience belongs to her. We think it is property within the meaning of the statute, and property which she may recover in this proceeding.

> *Demurrer overruled.*
> *Defendant to answer.*