LENORA M. WALBRIDGE *vs.* GEORGE P. WALBRIDGE, et al.

Kennebec.    Opinion November 20, 1919.

*R. S., Chap. 66, Sec. 6 interpreted.    Husband and wife.    Rule as to disturbing the findings of facts of single Justice sitting in equity unless said findings are clearly wrong.*

Only when property is entrusted or advanced by husband to wife or *vice versa*, under conditions where it is apparent that it was regarded by the parties not as a joint or common interest, or as a gift, but as the separate property of the party advancing it for which the recipient ought in equity and good conscience to account, can the remedy provided in Sec. 6, Chap. 66, R. S., be invoked.

Each case of this nature must be determined by itself.    It is the intent of the parties which governs.    The sitting Justice in this case having determined that the plaintiff was entitled to judgment against her husband for the amount claimed in her bill and that the mortgage given to his father was fraudulent as to the plaintiff, the court is unable to say that the findings of the sitting Justice cannot be maintained from the evidence in the case and that they are clearly wrong.

Bill in equity brought under R. S., Chap. 66, Sec. 6. Cause was heard upon Bill, Answer, Replication, and Proof. From the findings and decree of single Justice defendant filed an appeal. Judgment in accordance with opinion.

Case stated in opinion.

*George W. Heselton*, for plaintiff.

*Benedict F. Maher*, for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, WILSON, DEASY, JJ.

WILSON, J.    A bill in equity brought by the plaintiff against her husband, George P. Walbridge, and her father-in-law, James P. Walbridge, under Sec. 6 of Chap. 66, R. S., to recover money received from her by her husband which she claims that in equity and good

conscience he ought to return, and to declare void as to the plaintiff a mortgage given by the husband to his father. It comes before this court on appeal from the decree of the sitting Justice.

It is alleged in the bill that the plaintiff from time to time advanced money to her husband to be used in the construction, alteration and repairs of certain buildings which he was erecting on land the title to which was in the defendants jointly, in all amounting to twelve hundred and twenty-nine dollars and sixty cents; that the plaintiff advanced the several amounts with the expectation of having a home for themselves; that after completing the house her husband abused and mistreated her and finally left her, returning to his father's house, and refused longer to live with her or return the money she had advanced, and with intent to defraud her of the moneys so advanced mortgaged the buildings and his interest in the land to his father, the other defendant, to secure an alleged indebtedness of three thousand three hundred and twenty-four dollars, and which, the evidence discloses, was for board of the defendant George P. Walbridge and the plaintiff while they were living with the father after their marriage.

The defendants contended that the money was a gift or a contribution by the wife in the usual course of domestic relations, and for their mutual benefit and with no expectation of return, and that no obligation between husband and wife similar to that of debtor and creditor was thereby created.

If such were the facts we think Sec. 6, Chap. 66, R. S., was not intended to apply. *Stone* v. *Curtis*, 115 Maine, 63. It could not have been the intent of the Legislature, we think, to provide for the adjustment of all the financial relations between husband and wife under this statute. No end of litigation would arise, and domestic infelicities be increased ten-fold.

But only when property is entrusted or advanced by one to the other under conditions that it is apparent that it was regarded not as a joint or common interest, or as a gift, but as separate property of the party advancing it, for which the recipient was expected, and ought in equity and good conscience, to account, may this remedy be invoked. *Greenwood* v. *Greenwood*, 113 Maine, 226; *Whiting* v. *Whiting*, 114 Maine, 382; *Stone* v. *Curtis*, 115 Maine, 63.

In the case at bar, however, the sitting Justice found that the evidence sustained the plaintiff's bill, that the plaintiff was entitled to judgment against the defendant George P. Walbridge for the sum of

twelve hundred and twenty-nine dollars and sixty cents, and that the mortgage given to James P. Walbridge was fraudulent and void as to the plaintiff.

We may not disturb the findings of fact of a single Justice sitting in equity unless they are clearly wrong. *Stewart* v. *Gilbert*, 115 Maine, 262. Each case of this nature must be determined by itself. It is the intent of the parties that must govern, and we cannot say that the findings in this case were clearly wrong.

> *Entry will be:*
> *Appeal dismissed.*
> *Decree of sitting Justice*
> *affirmed.*