GERTRUDE B. ANTHONY

*vs.*

ALFRED WILLIAMS ANTHONY AND LEWISTON TRUST COMPANY.

Androscoggin.　　Opinion, January 5, 1937.

*John Adams Wickham,*
*Skelton & Mahon,* for plaintiff.
*Robinson & Richardson,*
*Richard Small,*
*Fred H. Lancaster,* for defendants.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.　This is a suit in equity, brought by a wife against her husband, primarily for an accounting. The allegations of the bill, in effect, are that, through the indorsement of checks drawn to her order, and by means of checks of which she was maker, plaintiff, from her individual funds, (a) entrusted to defendant, over a period of years, monies, totaling a large sum, which he, in the stead of conserving, in and upon parol trust, for her exclusive benefit, as he had agreed, invested in his own name; (b) that plaintiff defrayed legal obligations of defendant, under conditions entitling

her to reimbursement. The Lewiston Trust Company is also named as defendant, to subject to execution any property confided to it by the first defendant, in trust relationship.

Prayer is for special and general relief.

Suits between spouses, with certain exceptions of equity suits involving the doctrine of separate estate, to prevent fraud, to relieve from coercion, to enforce trusts, and to establish other conflicting rights concerning property, are not authorized in Maine. The statutory provision, Revised Statutes, Chapter 74, Section 5, that a married woman may, in her own name, and as though she were single, prosecute and defend suits at law or in equity, either in tort or contract, for the preservation and protection of her property and personal rights, or for the redress of her injuries, does not empower the wife to sue her husband at law. As to actions on contracts with her husband, or for torts committed by him, the common-law immunity of the husband, and disability of the wife, remains, at least during coverture. *Perkins* v. *Blethen*, 107 Me., 443, 78 A., 574; *Mott* v. *Mott*, 107 Me., 481, 78 A., 900; *Greenwood* v. *Greenwood*, 113 Me., 226, 93 A., 360; *Sacknoff* v. *Sacknoff*, 131 Me., 280, 282, 161 A., 669. That is the general rule. Some special ground for relief, as those hereinbefore enumerated, must be substantiated, that the equitable jurisdiction, whether at common law, or as statute has broadened its scope, may be invoked. R. S., *supra*, Sec. 6; *Walbridge* v. *Walbridge*, 118 Me., 337, 108 A., 105.

The case at bar is presented on report. The printed record comprises bill, demurrer, (which, exception saved, the justice below overruled), amended bill, pleas, answers, and all the evidence.

There is no need to discuss at length any legal principle; the cause calls for application of no rule of law except that applying where, as here, and regardless of the nature of particular transactions, that is, if they be such as to impose fiduciary duties, or indicate otherwise what would be cognizable in equity, plaintiff's proof, conceding thereto for the moment full convincing power, is met by evidence which negatives her prevailing.

The transcript may be summarized briefly.

Plaintiff and defendant, persons of high intelligence and culture, residents of Lewiston, Maine, were married in 1903. The family home was in that city. In 1915, plaintiff, as beneficiary under a

trust created by her father's will, became the recipient of instalments of income approximating, on average, upwards of $18,000 annually. During the years 1915 to 1919, both inclusive, plaintiff, so she testifies, transferred her income checks to defendant, to collect, and keep the proceeds until desired by her, this for the reason that she herself was unaccustomed to money, or its equivalent, to such extent, while he was of experience in finance.

In 1920, as for a time preceding, and several years subsequent, the parties were living in Scarsdale, New York.

Between April 2, 1920, and October 16, 1923, averment, which testimony has been introduced to sustain, is that plaintiff delivered additional amounts of money to defendant, these in the form, as before stated, of her personal checks, on the aforesaid trust.

Plaintiff alleges, more fully to note the second predication, and bears witness, that from January 1, 1920 to December 31, 1927, she, in most instances at the specific request of defendant, expended for necessities for herself and children, and miscellaneous household expenses, for which defendant solely was responsible, thousands of dollars, which, in equity and good conscience, he should repay, with interest.

Husband and wife became definitely estranged; matters threatened to become acute, not in consequence of any intentional wrong, but seemingly because of irritation and incompatibility. They viewed the same facts from entirely different angles, with tendency to twist fact to viewpoint.

Each had, however, an abiding sense of justice, and purpose to protect their children, for whom there was marked affection.

When, efforts to bring about reconciliation having failed, separation was suggested, plaintiff at first insisted that home life be preserved.

She, being nervously ill, requested the lessening of living arrangements, and releasement from unnecessary care and responsibility, in the hope that by travel, visiting, and activities of her own choosing, she might regain health and strength.

Her wishes were respected.

A lawyer early retained, whose method of approach had been constructive rather than destructive, still represented plaintiff in direct negotiation with her husband and his attorney.

Plaintiff and defendant could not, or would not, live together.

In January, 1928, they separated, by voluntary consent.

An understanding, and an intended settlement of things in difference appears to have been arrived at.

Adjustment being concluded, plaintiff had:

As to freedom, all there was, to go and come as she pleased, and live as she might desire, without interference by defendant;

As to property, inclusive of money, all she had insisted her due, or that she asked for, tendered — despite denial of the existence of any trust, direct or express, or raised by implication, and of any contract, by whatsoever name known — unconditionally, in and with meaning to clear off obligation and liability, adequately, effectively, completely; and so accepted.

The situation was at rest for a number of years. Nothing new has arisen.

No showing for equitable relief is made.

The bill must be dismissed.

*Bill dismissed on the merits.*