ANNA GREENBERG

*vs.*

MORRIS GREENBERG.

Cumberland.   Opinion, September 13, 1945.

*Raymond S. Oakes,*

*Israel Bernstein,* for the plaintiff.

*Robert W. DeWolfe,*

*Francis W. Sullivan,* for the defendant.

SITTING: STURGIS, C. J., HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

STURGIS, C. J.   This is a bill in equity by a wife to recover from her husband one-half of the rentals and proceeds of the sales of properties which they owned jointly during coverture. The case comes forward on appeal from a decree sustaining the bill and allowing recovery in accordance with the prayers.

It is conceded, or at least not controverted, that on February 11, 1942, the defendant Morris Greenberg having purchased with his own money a property located at 98-102 Middle Street in Portland, Maine, and by express directions caused the conveyance to be made to himself and his wife, the plaintiff Anna Greenberg, as joint tenants, collected the rents accruing until September 30, 1942 following when by mutual consent they sold the property, the vendees paying the husband $2,000 in money, and giving him a note and mortgage for $4,000 payable to the vendors jointly with interest at four per cent but in installments over a period of five years. Then on April 28, 1943, using with his own moneys that which had been received from the sale of the Middle Street property, Morris Greenberg bought another property located at 241-249 Congress Street in Portland, caused this also to be conveyed to him and his wife as joint tenants, and received all the rents until August 31, 1943 when by agreement they sold the property. At this sale the purchaser paid the husband $4,000 in

money, clear of expenses, and gave a note and mortgage for $13,000 payable in semi-annual installments with interest at five per cent, the mortgage running to the vendors jointly but the note, through error, being payable to the husband alone. All notes and mortgages received in these transactions are in the possession and under the control of the husband or his attorney.

In the court below the sitting Justice found that the defendant Morris Greenberg when he purchased the properties on Middle Street and Congress Street in Portland and caused the same to be conveyed to himself and his wife, as recited, made an absolute gift to his wife of a one-half interest therein in joint tenancy, and when sales were made she was entitled to share equally in the proceeds but rentals accruing during their ownership were given to the husband. It was also found that this man had appropriated not only all of the moneys received for these properties but substantial amounts which he has collected on the notes and mortgages given as part of the purchase prices and he now refuses to pay his wife any part of the proceeds of these sales. Upon these findings a decree was entered directing the defendant Morris Greenberg to pay the plaintiff Anna Greenberg one-half of the moneys he has received from the sales of their joint properties and one-half of all that he hereafter collects on the outstanding notes and mortgages, with interest from the filing of the bill on moneys then received and from the time of payment on the rest. In principle the decision below was clearly right.

For it is well settled that when land is purchased by a husband and the conveyance is to his wife, while a resulting trust may arise, the presumption from the relationship of the parties is that the transfer was a gift to the wife and the burden is upon the husband to establish the contrary by full, clear and convincing proof, *Danforth* v. *Briggs*, 89 Me., 316, 36 A., 452; *Long* v. *McKay*, 84 Me., 199, 24 A., 815; *Lane* v. *Lane*, 80 Me.,

570, 16 A., 323; *Stevens* v. *Stevens*, 70 Me., 92. Here the presumption that when the defendant purchased the properties of concern and caused them to be conveyed to the plaintiff, his wife, in joint tenancy with him he gave her half interests in the properties is not rebutted but fully confirmed. Upon this premise when the properties were sold the joint ownerships were severed and the proceeds became the individual properties of the spouses. *Woodward* v. *Woodward*, 216 Mass., 1, 3, 102 N. E., 921 and cases cited.

Furthermore in this State special jurisdiction in equity to hear and determine property matters between husband and wife is conferred by R. S. 1930, Chap. 74, Sec. 6, which is current in this case, and in its material part reads:

> "A wife may bring a bill in equity against her husband for the recovery, conveyance, transfer, payment, or delivery to her of any property, real or personal or both, exceeding one hundred dollars in value, standing in his name, or to which he has the legal title, or which is in his possession, or under his control, which in equity and good conscience belongs to her and which he neglects or refuses to convey, transfer, pay over, or deliver to her, and upon proper proof, may maintain such bill."

And upon a finding, affirmed as it is here, that the defendant Morris Greenberg gave his wife the plaintiff Anna Greenberg joint half interests in his properties, these were sold, and without her consent he has appropriated the entire proceeds, the husband, we think, holds his wife's share thereof which he has received or hereafter collects under an implied trust to account for it as her individual property. *Woodward* v. *Woodward*, supra. The wife's shares were not gifts to the husband nor in them has he any joint, common or other interest of his own. They are the wife's separate properties which in equity

and good conscience belong to her and are wrongfully in the husband's possession and under his control, and may be recovered in this proceeding. *Whiting* v. *Whiting*, 114 Me., 382, 385, et seq., 96 A., 500; *Walbridge* v. *Walbridge*, 118 Me., 337, 108 A., 105.

However, the recovery allowed the complainant wife in the court below was excessive. The record clearly indicates that the money paid down when she and her husband sold their Middle Street property was used with other moneys belonging to the husband to purchase the Congress Street property which they soon acquired and it was intended, by both, regardless of the use of the wife's money, that she should have only a one-half interest in joint tenancy in the new property and no greater individual interest in the proceeds of its sale. To require the husband to pay his wife one-half of the down payment for the Middle Street property in addition to one-half of the proceeds of the Congress Street property as was ordered in the decree below would be to allow her a double recovery to that extent which is not equity. Although the decree below is in all other respects clearly right that this error may be corrected, the appeal is sustained and the cause remanded for entry of a decree in accordance with this opinion.

> *Appeal sustained.*
> *Case remanded for an entry of decree*
> *in accordance with this opinion.*