MILDRED A. LEMKUIL, Appellant, *v.*
NORMAN H. LEMKUIL, Respondent.

Nos. 7931 and 8037

June 30, 1976                     551 P.2d 427

*Charles M. Murphy,* Reno, for Appellant.

*Hawkins, Rhodes, Sharp & Barbagelata,* Reno, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

This is a consolidated appeal arising from two actions filed in the Second Judicial District Court that relate to a divorce and a property settlement agreement between the appellant, Mildred A. Lemkuil, hereinafter referred to as Mildred, and respondent, Norman H. Lemkuil, hereinafter referred to as Norman.

Mildred and Norman were married on July 22, 1944, at York, South Carolina. Throughout the marriage, Norman had been employed as an operating engineer in the United States Maritime Service, earning about $10,000 per year.

In 1966, because of increased marital difficulties, the parties separated. On November 18 of that year, they agreed on a property settlement that provided for a division of the property and for the support of Mildred and the minor daughter of the parties. The agreement provided for the monthly payment by Norman of the sum of $400 for child support and alimony, with said sum to be reduced by $100 per month upon the death, majority, or emancipation of the child, who was then 6 years of age.

Norman continued payments called for by the agreement until September 15, 1971. At that time, he terminated his employment with the Merchant Marine and moved his residence to Nevada. On November 18, 1971, he initiated the instant divorce proceedings, Case No. 7931, in the district court. Mildred answered and counterclaimed, seeking enforcement of the aforementioned agreement. On March 7, 1972, the district judge entered an order in the divorce action, directing the payment of a *pendent lite* allowance wherein the support payments to Mildred and the child were reduced to $200 per month.

On October 27, 1972, Mildred filed a separate, independent action in another department of the Second Judicial District Court, seeking arrearages under the agreement of November 18, 1966. That complaint was heard on September 20, 1973, before Judge William Forman, who dismissed the action on the ground that the divorce court in another department of the Second Judicial District had exclusive jurisdiction over the subject matter of the second suit.

The divorce trial was heard before Judge Grant Bowen on July 19, 1974. Both Norman and Mildred testified. The divorce court found that the agreement should not be set aside for fraud, duress, or undue influence, as urged by Norman. The divorce court adopted the provisions of the agreement *in toto,* except those relating to the support of Mildred and the minor child.[1] In this connection, the court ordered Norman to pay Mildred $100 per month alimony for 6 months and ordered payment of $100 per month for the support of the minor child. The divorce court did order Norman to pay Mildred all the arrearages accumulated under the agreement prior to the court's *pendente lite* order of March 7, 1972 (in the sum of $1,200), but the court refused to order Norman to pay such arrearages that accumulated after the *pendente lite* order.[2]

Mildred contends on appeal that it was error for the divorce court to enforce the agreement only as to those arrearages that accrued prior to the entry of the *pendente lite* support order on March 7, 1972.

Counsel for both sides have agreed that the divorce court in its own discretion, regardless of the prior agreements of the parties, may enter its own order for *future* support and that the court is not in any way bound by prior agreement of the parties. Lewis v. Lewis, 53 Nev. 398, 2 P.2d 131 (1931). The

---

[1]The court in its conclusions of law ruled:

"III

"That the Separation Agreement of November 18, 1966, should not be set aside for fraud, duress or undue influence, or unfairness of its terms, and the provisions thereof relating to real and personal property should be adopted and the real and personal property disposed of pursuant to the terms of said agreement should remain so disposed, and that the provisions of the separation agreement of November 18, 1966, relating to child support and alimony should not be adopted."

[2]The court in its conclusions of law ruled:

"VIII

"That this Court in exercising its discretionary power chooses to adopt the provisions of said separation agreement relating to alimony and child support for that period of time prior to the pendente lite order of March 7, 1972, and not to adopt such provisions for any period of time subsequent to the pendente lite order of March 7, 1972; that Plaintiff should therefore pay Defendant alimony and child support due prior to the March 7, 1972, pendente lite order as and for arrearages under said separation agreement in the sum of $1,200.00 without offset and no further or other arrearages subsequent to the March 7, 1972, pendente lite order."

precise issue on this appeal, however, is whether the court has any discretionary power to refuse enforcement of installments of support *already accrued* under an agreement that the court concludes at trial was validly entered into by the parties when they executed it. We believe that in such instances the court is without discretion to, in effect, modify those arrearages for support that have accrued to the time the court makes its own support order when the divorce decree is entered. Therefore, we must reverse and remand the divorce case, No. 8037, with instructions to the court below to enter an appropriate order awarding Mildred a judgment for all arrearages accrued under the agreement to the date of the divorce decree.

Mildred's collateral action, Case No. 7931, for arrearages under the separation agreement was properly dismissed. In Nevada, once a court of competent jurisdiction assumes jurisdiction over a particular subject matter, no other court of coordinate jurisdiction may interfere. Metcalfe v. District Court, 51 Nev. 253, 274 P. 5 (1929). This rule obtains in every effective judicial system, in order to avoid multiplicity of litigation and to insure uniformity of result. The divorce pleadings in the instant case put into issue the validity of the 1966 separation agreement. The divorce court undertook to adjudicate this issue and clearly had authority to do so. Since Mildred could have obtained all the relief asked for in the divorce suit, and therefore was not without a plain, speedy, and adequate remedy, her collateral action for arrearages due under the 1966 separation agreement was properly dismissed. The judgment of dismissal in Case No. 7931 is affirmed.

ZENOFF and THOMPSON, JJ., concur.

GUNDERSON, C. J., with whom BATJER, J., agrees, concurring and dissenting:

I agree that Judge Bowen, in the divorce action, had jurisdiction of appellant's claim for support monies allegedly due under the parties' settlement agreement. Thus, inasmuch as Judge Bowen's decree disposed of that claim, I perceive no prejudicial error in Judge Forman's dismissal of appellant's separate suit to enforce the agreement.

However, so far as I can see, Judge Bowen proceeded to treat the parties' rights under the settlement agreement in a way totally consistent with his discretionary powers. Although my brethren in the majority hold otherwise, they cite no legal authority for their position. I therefore respectfully dissent from

the majority opinion insofar as it holds that Judge Bowen was obliged to award arrearages under the settlement agreement up to the date of the final decree.

Like the respected trial judge, I have not heretofore understood that a contractual claim for support monies, based on a settlement agreement, is different from, and superior to, all of the various other types of personal and property rights which a district court may adjust when entering a final decree. See: NRS 125.150.

While I of course respect my brethren's views, I need something beyond a bare statement of their beliefs before I can say Judge Bowen erred in this regard.