David F. STEVENS

v.

Nancy A. STEVENS.

Supreme Judicial Court of Maine.

Aug. 22, 1978.

Sandy & Sandy by Robert E. Sandy, Jr. (orally), Waterville, for plaintiff.

Burton G. Shiro (orally), Waterville, for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

The plaintiff has appealed from a Superior Court ruling granting the defendant's motion for summary judgment. We sustain the appeal.

On March 13, 1975, the plaintiff commenced a divorce action in the District Court. Twelve days later the defendant answered and filed a counterclaim.[1]

On May 21, 1976, the plaintiff began this complaint in the Superior Court under 19 M.R.S.A. § 166, alleging that the parties had been unable to agree on an appropriate disposition of jointly held real estate. The plaintiff's reason for bringing the Superior Court complaint is found in this allegation:

"That since the said premises were acquired prior to January 1, 1972, *the District Court lacks jurisdiction* to make orders regarding the disposition of the said premises in the course of the divorce proceedings between Plaintiff and Defendant." (emphasis supplied)

The purpose of the Superior Court action was to impose a trust on the defendant's interest as a joint tenant in certain real estate which the plaintiff claimed should be reconveyed to him in light of the alleged equitable circumstances under which the defendant acquired her title.

The issue which emerges is whether during the pendency of a divorce action in the District Court one of the parties thereto may simultaneously proceed in the Superior Court under the provisions of 19 M.R.S.A. § 166[2] to obtain a conveyance of the other spouse's interest in real estate which was legally held by them in joint tenancy, the title thereto having been acquired during the marriage but prior to 1972, despite the provisions of 19 M.R.S.A. § 722–A[3] which became effective January 1, 1972.

1. In this appeal we do not have the benefit of either the complaint for divorce or the defendant's counterclaim, which action is apparently still pending in the District Court.

2. "A wife may bring a civil action against her husband for the recovery, conveyance, transfer, payment or delivery to her of any property, real or personal or both, exceeding $100 in value, standing in his name, or to which he has the legal title, or which is in his possession or under his control, which in equity and good conscience belongs to her and which he neglects or refuses to convey, transfer, pay over or deliver to her, and upon proper proof, may maintain such action. And a husband shall have the same right to bring and maintain a civil action against his wife for the purposes aforesaid, subject to the limitations aforesaid. Marriage shall be no bar to the maintenance of a civil action by a wife against her husband or by a husband against his wife, brought for the purposes aforesaid. . . ."

3. "1. Disposition. In a proceeding: (a) for a divorce . . . the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors including:
A. The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as a homemaker;
B. The value of the property set apart to each spouse; and

C. The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.
2. Definition. For purposes of this section only, 'marital property' means all property acquired by either spouse subsequent to the marriage except:
A. Property acquired by gift, bequest, devise or descent;
B. Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise or descent;
C. Property acquired by a spouse after a decree of legal separation;
D. Property excluded by valid agreement of the parties; and
E. The increase in value of property acquired prior to the marriage.
3. Acquired subsequent to marriage. All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, and community property. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection 2."

The defendant seasonably filed a motion for summary judgment, and a Justice of the Superior Court issued the following order:

"10/18/76

Motion granted. Plaintiff's Complaint dismissed on the ground that the Statute invoked by the Plaintiff is inapplicable."

■ *Fournier v. Fournier*, Me., 376 A.2d 100, was decided by this Court on July 29, 1977. *Fournier* established the right of the divorce court to dispose of "marital property" under 19 M.R.S.A. § 722–A even if the property was acquired prior to the effective date of that statute. Thus, if the plaintiff's allegation, asserting a lack of jurisdiction in the District Court, assumed the inapplicability of Section 722–A because the joint tenancy was created prior to the effective date thereof, such assumption is erroneous.

In ruling on the motion for summary judgment, the Justice below would not have had the benefit of the holding in *Fournier* but, lacking any explanation of why the Justice felt that 19 M.R.S.A. § 166 was "inapplicable," we proceed to examine his ruling under general principles of law.

In her affidavit filed in support of the summary judgment motion, the defendant set forth her claim that the plaintiff's Section 166 action was "attempting to unfairly deprive me of my just and equitable interest" in the realty involved. She further asserted that she "desired to live" and "maintain a home for my children" on this property. We thus note that the plaintiff's Section 166 action is premised on equitable principles as is the defendant's motion for summary judgment. We can likewise assume that if we had before us only the pending action premised on Section 166, it would have been legal error to have granted summary judgment because of the disputed factual background underlying the competing equitable claims made evident by the plaintiff's affidavit filed in opposition to the defendant's motion.

■■ The District Court has concurrent jurisdiction with the Superior Court over "actions for divorce . . . and of proceeding under Title 19." 4 M.R.S.A. § 152. A Section 166 action obviously is a "proceeding," as is also an action for divorce in which the disposition of marital property is prayed for under Section 722–A. When dealing with the disposition of realty between husband and wife, the court must be guided by equitable principles since we view the "deems just" language of Section 722–A to equate generally with the "equity and good conscience" language found in Section 166. In other words, the comparable language could, under certain but not all conditions, have a synonymous meaning. However, in Section 722–A(1)(C), we note that the Court may consider "the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children." This consideration is clearly a factor which would not be appropriate for consideration under Section 166 where the court would be dealing only with the equitable rights of the husband and wife under the circumstances which were in existence when the joint tenancy was created. In short, we consider the two sections to serve different purposes. The enactment of Section 722–A did not emasculate Section 166 in the event a divorce action is pending.

Section 166, the ancestry of which can be traced to P.L. 1913, ch. 48, § 2, resolved any doubt about the common law disability of a wife to proceed in equity against her husband. *Whiting v. Whiting*, 114 Me. 382, 385, 96 A. 500, 501 (1916). The purpose of the statute was set forth in *Walbridge v. Walbridge*, 118 Me. 337, 338, 108 A. 105 (1919), as follows:

"But only when property is intrusted or advanced by one to the other under conditions that it is apparent that it was regarded not as a joint or common interest, or as a gift, but as separate property of the party advancing it, for which the recipient was expected, and ought in equity and good conscience, to account, may this remedy be invoked. . . ."

*See Greenberg v. Greenberg*, 141 Me. 320, 43 A.2d 841 (1945); *Anthony v. Anthony and Trust Co.*, 135 Me. 54, 188 A. 724 (1937).

We conclude that the Justice below was in error in ordering summary judgment for the defendant.

■ We have no quarrel with the general principle that in cases of concurrent jurisdiction the court given priority is that which first exercises jurisdiction. *In re Estate of Cassidy*, Me., 313 A.2d 435, 438 (1973). *See State ex rel. Flower v. Rocker*, 52 Ohio St.2d 160, 370 N.E.2d 479 (1977), *citing State ex rel. Phillips v. Polcar*, 50 Ohio St.2d 279, 364 N.E.2d 33 (1977). *See also* 20 Am.Jur.2d *Courts* § 128 et seq.

■ The foregoing principle is applicable, of course, under the assumption that the same subject matter, parties, and issues are involved in competing courts. However, although the parties may be identical in the second action, if the legal principles underlying that action differ from those on which the prior action is premised, the rule no longer is applicable. In *Shetney v. Shetney*, 49 Wis.2d 26, 37, 181 N.W.2d 516, 521 (1970), where the court was faced with a problem similar to the one now before us, it was held:

> "[I]t is apparent that the divorce and property settlement in the county court and the contract action in the circuit court were not 'on the same subject, and to test the same rights.' The property division was based on the legal and equitable considerations set forth in sec. 247.-26, Stats., [4] while the case in the circuit court . was dependent upon contract rights."

The Oklahoma courts stated this concept in the following language:

> "However, the priority principle is applicable only when the cases involved are identical as to subject matter, parties and *relief sought*, and the identity as to subject matter, parties and relief sought must be such that a final adjudication of the case in the first court would, as res judicata, be a bar to further proceedings in the second court. . . ."

4. Sec. 247.26 Stats. brings into play the same general considerations which govern the distri-

*Autry v. District Court of Muskogee County*, Okl., 459 P.2d 865, 867 (1969); *see also Hills v. Shearer*, 355 Mass. 405, 245 N.E.2d 253 (1969). *But see Lemkuil v. Lemkuil*, 92 Nev. 423, 551 P.2d 427 (1976).

■ Reverting to the issues raised on the record before us, we have already noted that we do not have in this record the divorce complaint or the counterclaim thereto. We recognize, however, that the divorce action was served and the counterclaim filed before the Section 166 complaint was initiated. Thus, it seems to us entirely appropriate that the District Court, in deciding the issues raised on the divorce, should have the opportunity to determine whether the property is in fact marital property under Section 722–A. If it reaches such a conclusion, Section 722–A mandates that the District Court "shall divide the marital property in such proportions as [it] deems just," bearing in mind the factors relevant to such division specified under §§ 722–A(1)(A)–(C). Such a decision might well moot the Section 166 action. In any event, since the District Court action has priority over that pending in the Superior Court as far as the issue of property division between the parties is concerned, resolution of the Superior Court action should be deferred pending a final judgment in the divorce case.

In short, we conclude that the case should be remanded for such further consideration as is required to comply with this decision.

The entry is:

Appeal sustained.

Case remanded to the Superior Court for restoration to the docket but to stand continued thereon until final disposition of the divorce action now pending in the District Court between the parties.

bution of marital property under 19 M.R.S.A. § 722–A.