**FARM CREDIT OF AROOSTOOK et al.**

v.

**Michael SANDSTROM et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 4, 1993.

Decided Dec. 8, 1993.

---

Richard C. Engels, Stevens, Engels, Bishop & Sprague, Presque Isle, for plaintiff.

Richard D. Solman, Solman & Hunter, Caribou, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

■ Michael and Anne Sandstrom appeal from the judgment entered by the District Court (Caribou, *Daigle, J.*) after the court denied the Sandstroms' motion to set aside the foreclosure sale of their former property. The Sandstroms contend that an innocent misrepresentation by Farm Credit's president, Gary Sirois, caused the Sandstroms not to bid at the foreclosure sale, and led to the sale of their former property at an egregiously low selling price. Finding no abuse of discretion, we affirm the decision of the District Court.

After the Sandstroms defaulted on their mortgage obligation, Farm Credit foreclosed its mortgage pursuant to 14 M.R.S.A. §§ 6321–25 (1980 & Supp.1992–1993). The Sandstroms' challenge is based on statements made by Gary Sirois to Michael Sandstrom during a recess at the foreclosure sale and on the allegedly unfair selling price. Sandstrom understood after consultation with his attorney, and the foreclosure judgment so indicated, that any money the bank received for the farm in excess of the debt would belong to the Sandstroms. Sandstrom had allegedly arranged for a loan from a friend, and planned to use the money so borrowed to bid to save his farm. When the bidding had nearly reached the amount of the debt, Sandstrom requested a recess and asked Gary Sirois whether the Sandstroms would receive money bid in excess of the debt. Sirois told Sandstrom that the bank would keep all the money, no matter how much the sale generated. Sandstrom believed Sirois, and therefore did not go through with his plan to bid at the foreclosure sale.

Based on Sirois's misstatement and an allegedly low selling price, the Sandstroms in the foreclosure action brought a motion entitled "Motion to Set Aside the Foreclosure Sale."[1] The court denied the motion. It found (1) that Sirois's misstatement was inaccurate, but unintentional, and therefore not fraudulent; (2) that Sandstrom's reliance on Sirois's misrepresentation was not reasonable; and (3) that Sandstrom did not have the funds available to deposit the twenty-percent down payment required from the successful bidder. Based on those findings, the court ruled that "[t]he irregularity does not justify the relief requested."

■ In bringing their motion, the Sandstroms presumably rely on the equitable power granted to the court in actions to foreclose mortgages. 4 M.R.S.A. § 152(5)(F) (1989). When exercising its equitable power, a court has broad discretion. *See Martin v. Burnham*, 631 A.2d 1239, 1241 (Me.1993). A foreclosure sale is not lightly set aside. *East Jersey Savings & Loan Ass'n v. Shatto*, 226 N.J.Super. 473, 544 A.2d 899, 900–01 (N.J.Super.Ct.Ch.Div.1987). Generally, we

---

1. The Sandstroms' challenge should have been a separate, plenary action. Since the issue was not raised by the court or the parties, we do not rest our decision herein on that ground.

will review only for manifest injustice a trial court's refusal to set aside a foreclosure sale. *See National Bank of Stamford v. Van Keuren,* 184 A.D.2d 92, 590 N.Y.S.2d 946, 948 (Ct.App.1992) (broad discretion). *See also* 59 C.J.S. *Mortgages* § 759 (1949) (refusal to set aside generally reviewed only for manifest injustice). The findings of fact that support the trial court's ultimate decision are reviewed only for clear error. *Morin Bldg. Prod. Co. v. Atlantic Design and Constr. Co., Inc.,* 615 A.2d 239, 241 (Me.1992). The court's findings of fact were not clearly erroneous and the court did not abuse its discretion by refusing to set aside the foreclosure sale based on an innocent misrepresentation.

The entry is:

Judgment affirmed.

All concurring.