STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-602

EDWARD O. DARLING, JR.,
        Plaintiff,

        v.

AMERICAN GRAPHICS INSTITUTE, INC.,
        Defendant.

ORDER ON DEFENDANT'S MOTION
TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO STAY,
AND PLAINTIFF'S MOTION TO
STRIKE

DONALD L. GARBRECH
LAW LIBRARY

AUG 25 2003

## FACTUAL BACKGROUND

On a motion to dismiss, the facts are viewed in the light most favorable to the Plaintiff. Seacoast Hangar Condominium II Assoc. v. Martel, 2001 ME 112, ¶ 16, 775 A.2d 1166. Plaintiff, a resident of Cape Elizabeth, entered into an "Employment Contract" with American Graphics Institute, Inc. (AGI), a company based in Lancaster, Pennsylvania, but conducting business in Portland, Maine. Plaintiff was to provide services including the maintenance, development, and growth of new and existing accounts. Plaintiff was entitled to compensation including 15% of customer-based revenues and four weeks vacation, paid at $1000 per week. AGI has failed to make any payments from September through November of 2002. On October 28, 2002, Plaintiff made written demand through his attorney. AGI has not made payment, has removed Plaintiff from managing his accounts, and has, in numerous ways, interfered with his ability to provide the services in accordance with the contract.

The Employment Contract does not contain an arbitration provision. However, execution of the contract with the Plaintiff was a condition of a Purchase and Sale Agreement (Agreement) entered into between AGI and iSet Educational Services, LLC.[1] The Agreement contains a provision making arbitration mandatory (§ 9.5), as well as a provision stating "This Agreement (including any schedules and exhibits hereto) . . .

---

[1] iSet Educational Services latter became know as Cooper and Darling Business Ventures, Inc.

contains the entire agreement between the parties with respect to the subject matter of the Agreement . . .." The Employment Contract is Exhibit H to the Agreement.

Pursuant to 14 M.R.S.A. § 5928(3), Plaintiff seeks to compel arbitration of his claims, which seek unpaid wages pursuant to 26 M.R.S.A. § 626-A (Count I) and 26 M.R.S.A. § 621-A (Count II) and damages and injunctive relief based upon AGI's alleged breach of contact (Count III). Defendant moves for dismissal of all counts, or, in the alternative, a stay of proceedings pending the resolution of the related action brought by AGI in Pennsylvania.

The present action was commenced on November 22, 2002. AGI commenced the Pennsylvania action in Pennsylvania state court on September 18, 2002. See Pa. R. C. P. 1007 (stating that an action may be commenced by filing a *praecipe* for a writ of summons or a complaint). AGI filed a *praecipe* in September 2002 and filed a complaint on January 1, 2003. Darling, Defendant in Pennsylvania and Plaintiff in Maine, asserted counterclaims against AGI for breach of the Employment Contract and subsequently removed the Pennsylvania case to federal court.

Since the May 6, 2003 hearing on this matter, the United States District Court for the Eastern District of Pennsylvania has issued an order compelling the parties to arbitrate all claims. American Graphics Institute, Inc. v. Darling, No. 03-374, (E.D.Pa. 2003), *available at* 2003 U.S. Dist. LEXIS 9790. This court takes judicial notice of the Pennsylvania Memorandum and Order. M. R. Evid. 201 (stating a judge may take judicial notice of facts "not subject to reasonable dispute); In re Scott S., 2001 ME 114 ¶ 12, 775 A.2d 1144 (reaffirming a trial judge's authority to take judicial notice of matters of record). The District Court for the Eastern District of Pennsylvania, applying Maine law, determined that the Employment Contract and the Agreement were part of one single transaction, that the Employment Contract was not incompatible with the arbitration provision in the Agreement, and that the arbitration provision is binding as

2

to all claims for breach of both the Employment Contract and the Agreement. Id. at *22, *25 (citing Kandlis v. Huotari, 678 A.2d 41, 43 (Me. 1996)).

## DISCUSSION

"The pendency in competing courts of two separate actions involving the same subject matter, parties and issues does not pose a question of jurisdiction but one of comity. The general rule is that in cases of concurrent jurisdiction the court given priority is that which first exercises jurisdiction. Jones v. York, 444 A.2d 382, 384 (Me. 1982)(addressing the issue as between competing courts within the state) (quoting Stevens v. Stevens, 390 A.2d 1074, 1077 (Me.1978)). Similarly, federal courts apply the first-to-file rule, when addressing a motion to dismiss under the federal comity doctrine. Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). See also Remington Products Corp. v. American Aerovap, Inc., 192 F.2d 872, 873 (2d Cir. 1951 (stating that the first suit should have priority, "absent the showing of balance of convenience in favor of the second action"). In the instant case, identical issues are to be arbitrated pursuant to a proper federal court Order.

"A stay of proceedings . . . is not a matter of right but a matter of grace. The grant or denial of the stay rests in the sound discretion of the court. It will only be granted when the court is satisfied that justice will thereby be promoted." Society of Lloyd's v. Baker, 673 A.2d 1336, 1340-41(Me.1996) (relying on the trial court's discretion and the fact that no reason, except for delay, was argued against the stay) (quoting Cutler Associates, Inc. v. Merrill Trust Co., 395 A.2d 453, 456 (Me. 1978)). Plaintiff presents no reason why the proceedings should not be stayed other than a bald assertion that the stay is not warranted. Pl.'s Motion to Strike ¶ 5.

> It is within the inherent power of the Superior Court, under its general supervisory power over its own process, to stay temporarily a proceeding before it. It may temporarily stay the execution of its judgment whenever it is necessary to accomplish the ends of justice.

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Cutler Associates, Inc. v. Merrill Trust Co., 395 A.2d at 456 (Me. 1978). Similar, if not identical, matters are currently being arbitrated pursuant to a court order. Furthermore, Plaintiff's primary goal is realized because AGI is compelled to arbitrate. Defendant sought a dismissal, or, in the alternative, a stay of the proceedings. For the above reasons and in the interest of judicial economy Defendant's Motion to Stay is GRANTED pending the termination of the Pennsylvania proceedings. The Defendant's Motion to Dismiss is therefore DENIED.

The entry is

Defendant's Motion to Dismiss is DENIED;
Defendant's Motion to Stay is GRANTED; and
Plaintiff's Motion to Strike is DENIED.[2]

Dated at Portland, Maine this 6th day of August, 2003.

_____
Robert E. Crowley
Justice, Superior Court

---

[2] Plaintiff's Motion to Strike Defendant's Motion was based on Defendant's failure to exhaust administrative remedies. In light of this court's Order and the status of the related litigation in Pennsylvania, Plaintiff's Motion is DENIED as moot.

4

EDWARD O DARLING JR. - PLAINTIFF

Attorney for: EDWARD O DARLING JR.
JOSEPH HAHN
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


vs

AMERICAN GRAPHICS INSTITUTE - DEFENDANT

Attorney for: AMERICAN GRAPHICS INSTITUTE
STEVEN COPE
COPE & COPE PA
PO BOX 1398
PORTLAND ME 04104-1398

Attorney for: AMERICAN GRAPHICS INSTITUTE
VISITING ATTORNEY
VISITING ATTORNEY
-

-   -

## DOCKET RECORD