STATE OF MAINE
CUMBERLAND, ss.

CIVIL ACTION
DOCKET NO: RE-12-355
JAW- Cum- 4/5/2013

SCOTT DOW,

Plaintiff,

v.

ONEWEST BANK, FSB

Defendant

ORDER AND DECISION ON
MOTION TO DISMISS

STATE OF MAINE
Cumberland, ss, Clerk's Office

APR 05 2013

RECEIVED

Before the court is the defendant, OneWest Bank, FSB's motion to vacate a default judgment entered in favor of the plaintiff in an action to quiet title to real estate for property located in Cumberland County at 313 Woodford Street, Portland, Maine. OneWest Bank, FSB ("OneWest") moves for relief from this Court's Order entering a default judgment for Plaintiff ("Mr. Dow") on or about October 15, 2012. The motion has been fully briefed and oral argument was heard on January 25, 2013.

BACKGROUND

Mr. Dow's action to quiet title to the 313 Woodford Street property relates to a foreclosure action brought by OneWest's predecessor in interest, IndyMac Federal Bank FSB, which is currently pending in the Portland District Court and entitled *OneWest Bank, FSB. v. Scott Dow*, Docket Number, PORDC-RE-2009-00148 ("foreclosure action"). The foreclosure action was brought as a result of Mr. Dow's nonpayment on a $358, 200.00 note, secured by a mortgage since June 1, 2008. Mr. Dow is the named defendant in the underlying foreclosure action and was served in hand on May 27, 2009. Mr. Dow

1

failed to file an appearance until November 27, 2012 through counsel, and never answered the Complaint.

On February 17, 2012, a Motion to Substitute Party Plaintiff was filed in the foreclosure action, seeking to cite in OneWest as the properly named plaintiff. That motion was unopposed and was granted on March 22, 2010. On September 22, 2010, OneWest filed a Motion for Summary Judgment against Mr. Dow in the foreclosure action. The motion was again unopposed, but the Court denied OneWest's motion for failure to provide proof of ownership of the note and mortgage and gave OneWest an additional fourteen days to so.

On or about September 13, 2012 OneWest was served with the subject complaint. This Court entered a default judgment against OneWest on October 15, 2012 as a result of OneWest's failure to appear and answer the subject complaint.

This motion seeks relief from the Order entering judgment for Mr. Dow. Defendant moves this court to vacate entry of default pursuant to Me. R. Civ. P. 60(b).

## DISCUSSION

The issue, on this motion is whether the default judgment entered in this Court against OneWest should be vacated for lack of subject matter jurisdiction as alleged by OneWest under Rule 60(b)(4).[1]

Rule 60(b) of the Maine Rules of Civil Procedure provides the court with the authority to relieve a party or the party's representative from a judgment. Rule 60(b) in pertinent part states that the court has the authority to grant relief when there is:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

---

[1] In the alternative, OneWest asks this Court to vacate the default judgment pursuant to M.R.Civ. P. 60(b)(6).

2

misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

*Id.*

Under Rule 60(b)(4) "a party may move to set aside judgment for voidness. . . if the court which rendered it lacks jurisdiction of the parties or the subject matter, adjudicates issues beyond the scope of those submitted for decision, or acts in a manner inconsistent with due process." *Land Use Regulation Comm'n v. Tuck*, 490 A.2d 649, 652 (Me. 1985).

Here, OneWest contends that because the trial court in the underlying foreclosure action took jurisdiction over the parties and the subject matter at hand, Mr. Dow was required to file the current action in the form of a compulsory counterclaim under M.R.Civ.P. 13(a) to OneWest's foreclose action and not as a separate action in this Court. As the Law Court has stated,

> Under principles usually analogized to res judicata, a defendant who fails to interpose a compulsory counterclaim as required by Rule 13(a) is precluded from later maintaining another action on the claim after rendition of judgment. When the second claim arises out of the same transaction as the first, previously-litigated claim, the second claim is barred by M.R. Civ. P. 13(a)(1).

*Keybank Nat'l Ass'n v. Sargent*, 2000 ME 153, ¶17 (Me. 2000) (internal quotation marks and citations omitted); *see also DiPietro v. Boynton*, 628 A.2d 1019, 1022 (Me. 1993).

When making a determination as to what constitutes a "transaction" the Law Court has stated,

> What factual grouping constitutes a "transaction" [is] to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they from a convenient trial unit, and whether their

3

> treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Keybank Nat'l Ass'n v. Sargent*, 2000 ME 153, ¶17 (Me. 2000) (quoting *Beegan v. Schmidt*, 451 A.2d 642, 645 (Me. 1982) (alterations in original). In cases of concurrent jurisdiction the general principal is, "the court given priority is that which first exercises jurisdiction is applicable." *Stevens v. Stevens*, 390 A.2d 1074, 1077 (Me. 1978). However, the general principal applies "under the assumption that the same subject matter, parties, and issues are involved in competing courts." *Id.*

In the present case, the foreclosure action by OneWest RE-09-148 and the claims raised by Mr. Dow in RE-12-355 arise from a single transaction: Mr. Dow's grant to OneWest of a mortgage interest in his home to secure the guarantee. As for concurrent jurisdiction, the Superior Court and the District Court have equitable power in actions for foreclosure and have broad discretion in exercising this power. 4 M.R.S. §§ 105(1), 152(5)(E); *Farm Credit v. Sandstrom*, 634 A.2d 961, 962 (Me. 1993). Accordingly, Mr. Dow's claim to quiet title against OneWest in RE-12-355 should have been raised in the foreclosure action pending in the District Court as that court was the first to exercise jurisdiction over the subject matter, parties, and issues involved in both complaints.[2] *See* M.R. Civ. P 13; *see also Keybank Nat'l Ass'n v. Sargent*, 2000 ME 153, ¶18 (Me. 2000).

---

[2] Mr. Dow's contention that this court "should have jurisdiction over the parties and the subject matter because. . . Plaintiff's action to quiet title is against a party that was not privy to the arms-length transaction that gave rise to [the foreclosure action]" is without merit. Although OneWest was not the original party to the foreclosure filed in the District Court, they were properly substituted as party Plaintiff by Motion and Order thereon on March 22, 2010.

4

The entry is:

Defendant's Motion to Vacate Default Judgment is GRANTED. The Order entered October 15, 2012 granting Plaintiff's Request for Default and Default Judgment is vacated and this case is dismissed without prejudice.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: April 4, 2013

Joyce A. Wheeler
Justice, Superior Court

Plaintiff-Gerald Schofield Esq
Defendant-Elizabeth Crowe, Esq.

5